## No. 9676.

IN THE MATTER OF THE ESTATE OF JACOB E. MOSEMAN—ON OPPOSITION TO FINAL ACCOUNT OF ADMINISTRATOR.

A policy of insurance on the life of a man vests the rights to the policy and to the fund arising on the happening of the loss, at the date of the execution of the contract.   This has been frequently held in cases where third persons are the beneficiaries, and the same rule must apply when the beneficiary is the insured himself or "his administrators, executors or assigns."   Hence when such a policy is taken out by an unmarried man, the rights and interests thereunder belong to his separate estate, and do not fall into a community arising under a subsequent marriage.   If in such case, premiums have been paid by the community, it is entitled to have such payments reimbursed to it as expenditures made by it for the benefit of the separate estate of the insured spouse.

APPEAL from the Twenty-third District Court, Parish of Iberville. Talbot, J.

Pugh and Folse for Opponents and Appellants.

David N. Barrow, Contra.

Alex. Hebert for the Administrator, Appellee.

The opinion of the Court was delivered by

FENNER, J.   Jacob E. Moseman died intestate, having been twice married, leaving six children, offspring of the first nuptials, and a widow and one child of the second.

The active mass of his succession is composed of two items, viz: First. The sum of $3,012 91, amount collected on two insurance policies on the life of deceased. Second. The sum of $396 45, an amount collected for salary due the deceased.

The passive mass (as slightly amended in the decree of the court) consisted of $436 70, privileged debts, and $103 28, ordinary claims, besides $1,100 due to the children of the first marriage on account of paraphernal funds of their mother received and converted by deceased.

The administrator, in his account, assigned the entire active mass to the community, deducted the entire passive mass (including the $1,100 due the above children) therefrom, gave one-half the residue to the wife, and divided the other half equally between all the children. To this account the widow filed an opposition denying the existence of the debt of $1,100 allowed in favor of the children, and claiming that, if allowed, it should be paid as a debt of the separate estate of the husband out of his share of the community, and also claiming that she was entitled to the usufruct of the share of the community assigned to the children.

The children of the first marriage also opposed the account on the ground that the sums received from the insurance policies belonged exclusively to them, or, if not, to the separate estate of deceased and not to the community of the second marriage.

Thereupon the widow filed a supplemental opposition, claiming that, in case the pretensions of the children of the first marriage should be sustained, she and her minor child would be entitled to the homestead right of $1,000 on the ground of their necessitous circumstances. There were other grounds in the widow's oppositions not necessary to mention.

The judge, in his final decree, amended and restated the account, as follows:

1st. He approved the administrator's assignment of the entire active mass to the community.

2d. He held the debt due the children of the first marriage to be a separate, and not a community, debt.

3d. After deducting the remaining passive mass from the entire active, he divided the residue between the widow and the husband's succession.

4th. From the latter's half, he paid the debt due the children of the first marriage, and divided the residue equally between all the children, but decreeing the widow entitled to the legal usufruct of said residue.

From this judgment, the children of the first marriage have alone appealed. The widow obtained an order of appeal but failed to perfect the same by giving bond. Neither she, nor any appellee has filed any answer in this court praying for any amendment of the judgment in their favor.

The only error in judgment appealed from urged in this court by the only appellants before us, is as to the disposition of the sums collected on the insurance policies.

The admitted facts are that, at the time when the policies were taken out, Moseman was a widower; that the policies were taken out for his own benefit and payable to "Jacob E. Moseman, his executors, administrators or assigns;" that he paid several premiums on them before his second marriage, and several after that event, the latter undoubtedly, out of community funds.

The legal question is whether, under such circumstances, the money collected on the policies after his death, belong to the community or to his separate estate.

Mr. Bliss, in his work on Life Insurance, after quoting several other definitions, says: "The best one is that given by Bunyon, who says: 'The contract of life insurance is that in which one party agrees to pay a given sum, upon the happening of a particular event, contingent upon the duration of human life, in consideration of the immediate payment of a smaller sum, or certain equivalent periodical payments, by another.'" Bliss on L. I., § 3.

Every man possesses an insurable interest in his own life, and he may insure it in his own favor, or in favor of any third person having the requisite interest therein.

The contract creates certain rights and obligations which spring into existence the moment it is formed. Thus, at the date of the policies, Moseman acquired for himself the right to receive. at his death, through his executors, administrators or assigns, the sums stipulated to be paid, subject to the condition of compliance with his own engagements to pay the premiums as they fell due.

This condition having been complied with, "has a retrospective effect to the day that the engagement was contracted." C. C. 2041. The character of the interest and of the ownership thereof takes its impress from the date of the contract.

This is the logical result and inevitable corrollary of the principle settled in our jurisprudence that the title and interest of the beneficiary, when a third person, vest at the date of the contract, and are indefeasible thereafter without his consent. Succession of Kergler, 23

Ann. 455; Succession of Hearing, 26 Ann. 326; Succession of Clark, 27 Ann. 270; Succession of Bofenschen, 29 Ann. 714; Pilcher vs. N. Y. L. I. Co., 33 Ann. 324.

It is impossible to apply a different rule to the case where the beneficiary is the insured himself and his legal representatives after his death, and we are bound to hold that the interest of Moseman under these policies, having vested before his second marriage and at a time when he was a single man, belonged to his separate estate, and did not enter into the subsequent community.

We are of opinion, however, that the community is entitled to reimbursement of the amount of the several premiums which were paid, after the marriage, out of its funds.

We are aware that, in the case of insurance by the husband for the benefit of the wife, it has been held that the latter takes the fund without liability to reimburse the community the premiums paid by it. Succession of Bofenschen, 29 Ann. 714.

Without now affirming this decision on this point, it is sufficient to say that it rests on the principle that the wife receives directly from the insurance company and that the fund does not enter at all as an asset of the succession.

This principle can have no application here, because the insurance is for the benefit of the succession and necessarily forms a part of its assets to be distributed according to law. Hence the premiums paid by the community fall under the common rule entitling it to reimbursement out of the separate estate of all expenditures made by it for the separate benefit of the latter.

These views obviously require a restatement of the entire account; for while, in the condition in which this appeal is presented, we can make no amendment of the decree below except in favor of the appellants, and while the allowances made in favor of all the creditors must stand as to their amounts, yet as the provision made for their payment was so made upon the assumption that the whole estate was community, and as we now transfer the major part thereof to the separate estate of the husband, it is essential that the creditors should be referred for payment to the respective estates to which the law entitles them to look.

As these questions have not yet been passed on by the lower court, we deem it best to remand the case for restatement of the account according to instructions.

The same views apply to the claim of the widow and minor for the homestead allowance of $1,000. We cannot pass upon it now. But,

as it was only conditionally presented to the lower court to be considered only in case the insurance funds should be assigned to the separate estate, and as, that condition not happening, it was rever considered at all, we do not think she was bound to appeal from a judgment with which she was satisfied, or that she should be debarred from urging her claim, when, by the effect of our decree, the condition upon which her claim may arise has, for the first time, happened.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from, in so far as it fixes the amounts due the several creditors, be affirmed, and that, in other respects, it be and is annulled, avoided and reversed; and it is now ordered, adjudged and decreed that the case be remanded to the lower court for a restatement of the account and for further proceedings according to law, with instructions to assign to the separate estate of the deceased the funds arising from the policies of insurance and to refund therefrom to the community the amount of premiums paid during the existence of the latter, and to distribute the separate and community estates according to law among the creditors heretofore recognized and the widow and heirs, without prejudice to the right of the widow and her minor child to assert her claim to the homestead allowance of $1,000, and to have the same passed on by the court according to the law and the evidence. Costs of this appeal to be paid out of the succession.