HAWTHORNE, Justice
(dissenting).
The two life insurance policies which are the basis of this suit, one taken out in 1926 for $10,000 and one in 1927 for $5,000, specifically provide for the payment to the insured of any disability benefits that may become due thereunder, and, unlike the two policies over which there is no controversy, contain no provisions to the effect that any disability income due but unpaid at the death of the insured shall be payable to the beneficiary entitled to receive the proceeds of the policies at the death of the insured. This being true, the amount of the disability benefits under these two policies, which was unpaid at the time of Mr. Lam-kin’s death, was a debt of the insurance company to the insured, and, in my opinion, when paid, the amount thereof belonged to the deceased’s separate estate.
The majority opinion reached the conclusion that the amount of these disability payments was a community asset “ * * * mainly by eliminating the several classes of separate property enumerated in the second paragraph of Article 2334 of the Civil Code * * * ”, in which separate property is defined to be that which either party brings into the marriage, or acquires during the marriage with separate funds, or by inheritance, or by donation made to him or her particularly. The opinion pointed out that disability insurance, like' term insurance, has no reserve or cash surrender value or other actual value before the happening of the event on which the insurance is payable, and then stated: “ * * * In this case, for example, that part of the premiums which was attributable to the disability benefits, and which the insured paid previous to his marriage, added nothing to his estate because the event on which the disability benefits de *1102 pended did not happen previous to the marriage. In that respect he did not bring anything of value into the mdsrriage.” (All italics mine.)
I take this conclusion simply to mean that, since the deceased did not bring anything of value into the marriage, what he did bring into the marriage was not property, for, in the event that the life insurance policies which contain the disability provisions, which policies were acquired prior to the marriage, were property, they would fall squarely under the definition of separate property as set out in the Code; or, stated somewhat differently, that the insurance policies in this case which the deceased brought into the marriage must have value to be separate property, and, since these policies had no value at the time of the marriage, they were not property and were not brought into the marriage as such.
In my mind, the sole question is whether these two life insurance policies, in so far as the disability provisions thereof are concerned, which were made payable to the insured upon the happening of an uncertain event, that is, disability, were property acquired by the deceased prior to his marriage.
Under Article 460 of the Revised Civil Code, found in Book II, which deals “OF THINGS, AND OF THE DIFFERENT MODIFICATIONS OF OWNERSHIP”, “Things are divided, in the second place, into corporeal and incorporeal. * * * Incorporeal things are such as are not manifest to the senses, and which are conceived only by the understanding; such as the rights of inheritance, servitudes and obligo¡rtions.”
Under Article 470 of the Code, “Incorporeal things, consisting only in a right, are’ not of themselves strictly susceptible of the quality of moveables or immovables; nevertheless they are placed in one or the other of these classes, according to the object to which they apply and the rules hereinafter established.”
Under Article 475, “All things corporeal or incorporeal, which have not the character of immovables by their nature or by the disposition of the law, according to the rules laid down in this title, are considered as movables.”
Under Article 870, “The ownership of things or property is acquired by inheritance either legal or testamentary, by the effect of obligations, and by the operation of law.”
In my opinion, under these definitions, the insurance policies were incorporeal movable things acquired by the deceased prior to his marriage, and the disability payments made in satisfaction of the obligations arising under the disability provisions of these policies were separate property.
Furthermore, a policy of insurance, being an incorporeal movable thing, is property, because it includes contract rights to receive money or other performance to become due in the future, even though contingent upon the happening of an uncertain *1104 event. In other words, the right to receive the disability benefits of a disability insurance policy is an incorporeal thing even before the disability of the insured.
The policies of life insurance in the instant case providing for the payment of disability benefits to the insured, in my opinion, fall within the rule to the effect that the ownership of rights in a life insurance policy, as between the separate estate and the community, depends upon the date of the issuance of the policy. Moseman’s Estate, 38 La.Ann. 219; Succession of Buddig, 108 La. 406, 32 So. 361; Succession of Verneuille, 120 La. 605, 45 So. 520; Succession of Le Blanc, 142 La. 27, 76 So. 223, L.R.A.1917F, 1137. I see no reason why this rule would not apply also to disability insurance. Having been issued prior to the marriage, the policies containing the disability provisions were separate property, and payments thereunder for the disability of the insured would fall into his separate estate.
In Re Moseman’s- Estate, supra, this court said: “The contract creates certain rights and obligations which spring into existence the moment it is formed. * * * The character of the interest and of the ownership thereof takes its impress from the date of the contract.”
In Succession of Verneuille, supra [120 La. 605, 45 So. 521], we find the following:
« * * * a p0liCy issued to one of the spouses before marriage remains as part of the estate of the insured. The right of the beneficiary is not changed by the marriage. The date of the right is the date of the policy, and from that time on it remains the property of the insured. * * *
“Policies of insurance must be held subject to one rule as relates to ownership. It has always been decided by the courts of this state that it is vested in the insured absolutely when it is issued to him at a date and for his benefit, free from the claim of any other person.”
In my opinion, the disability payments in the instant case were separate property under the plain provisions of Article 2334 of the Revised Civil Code, and for the court to hold otherwise is to construe the definition of separate property to mean separate property is anything of value which either party brings into the marriage. Under this definition investments of a speculative nature which would have no value at the time of marriage would become community property in the event they proved thereafter to be wise ones.
For these reasons I am of the opinion that the judgment appealed from should be reversed, and that the proceeds of the disability benefits should be decreed to belong to the separate estate of John B. Lamkin, deceased, and that credit should be given to the community for the amount of disability premiums paid out of community funds.
I respectfully dissent.