313 So.2d 870 (1975)
Mrs. Catherine T. Favre JOCHUM
v.
The ESTATE of Earl Antoine FAVRE, Sr.
No. 6801.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1975.
Rehearing Denied June 11, 1975.
Lambert, Nowalsky & Lambert, Delbert G. Talley, Harry Nowalsky, New Orleans, for plaintiff-appellant.
Daniel A. McGovern, IV, New Orleans, for defendant-appellee.
Before LEMMON, GULOTTA and BOUTALL, JJ.
GULOTTA, Judge.
This is an appeal from a judgment dismissing a rule filed by two major children, heirs at law of their deceased father, to include in the descriptive list of the assets of the decedent deductions made from decedent's salary pursuant to a retirement plan while employed with an agency of the State of Louisiana.
The facts are that decedent was married twice, the first time to Catherine D'Alessandro from whom he was divorced in 1967. Of that marriage two children were born, namely, Earl Antoine Favre, Jr., and Mrs. Catherine Favre Jochum, movers in rule. Decedent was married the second time to Loretta Kinsley Favre, the surviving spouse and duly confirmed executrix of the succession. In that capacity, the surviving spouse filed a sworn descriptive list but did not include as an asset of the succession the deductions made from the decedent's salary for retirement benefits from December, 1955 through July, 1974, amounting to $6,405.89. The rule to show cause why the deductions should not be included in the descriptive list followed and was dismissed.
On appeal, movers in rule contend that the deductions for retirement benefits constitute an annuity purchased prior to the marriage between the decedent and the surviving spouse executrix herein, and must be included in the compilation of decedent's assets. They also contend that this accumulation of funds constitutes separate *871 property of the decedent and should be included as such in the descriptive list.
Executrix takes the position that the proceeds from a pension or an annuity are similar to proceeds receivable by a named beneficiary of a life insurance policy, and that neither the life insurance proceeds nor the annuity or pension proceeds (where the beneficiary is named) are considered as belonging to the estate of the decedent. In support of her argument, executrix relies on Act 352 of 1968 as incorporated in LSA-R.S. 47:2404(C) which excludes from state inheritance tax any proceeds received by a named beneficiary from any life insurance policy or retirement or pension plans including annuities. The executrix theorizes that since by statute insurance policies, pensions and annuities are not subject to state inheritance tax, such proceeds are not assets of the decedent's estate, but are the property of the named beneficiaries and should not be included in the descriptive list of assets. According to the executrix, Act 352 of 1968 overrules Succession of Rabouin, 201 La. 227, 9 So.2d 529 (1942), which concluded that the unpaid balance of an annuity at the time of the death of the annuitant must be considered as belonging to the estate of the annuitant for purposes of computing the disposable portion of the estate although the annuity contract names a beneficiary.
We reject the argument advanced by executrix that the exclusion of annuities, pensions or proceeds from life insurance policies with named beneficiaries from the payment of inheritance tax can be interpreted to be so far-reaching as to affect those assets which are to be included in the decedent's estate for the purpose of ascertaining the disposable portion and the forced portion. Act 352 of 1968 relates solely and entirely to exclusions under the inheritance tax law. We cannot envision that the legislature in amending the inheritance tax statute intended to overrule the pronouncement of the Supreme Court in the Succession of Rabouin, supra, or intended to effect changes affecting forced heirship.
In Succession of Rabouin, supra, the court distinguishes life insurance benefits paid to a named beneficiary from annuity contract proceeds paid to a named beneficiary on the basis that in an insurance contract, the proceeds or avails do not come into existence until the death of the decedent, while in an annuity contract, the funds due constitute a thing owned by the decedent during his lifetime. Applying Rabouin to the instant case, we conclude that the proceeds from an annuity or pension[1] payable to a beneficiary if he survives the annuitant are an asset of the estate, and as such must be included in the descriptive list of the property of the decedent. See also Succession of Videau, 197 So.2d 655 (La.App., 4th Cir. 1967), writ refused, 250 La. 920, 199 So.2d 922 (1967) and Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169 (1956).
Movers in rule also seek to have the proceeds declared to be the separate property of the decedent. On the basis of the record, however, we are unable to make such a determination. Under the circumstances, it is necessary that this matter be remanded for hearing and determination of the status (separate or community property) of the annuity proceeds.
Accordingly, the judgment excluding the annuity proceeds from the descriptive list in decedent's estate is reversed. It is now ordered that such proceeds be listed on the descriptive list as an asset of the succession. The matter is remanded to ascertain whether these proceeds constitute decedent's separate or community property.
Reversed and remanded.
NOTES
[1] Counsel for both parties stated in oral argument that they consider the accumulation of deductions to constitute the proceeds due under the annuity contract. Since no disagreement exists between the parties regarding this issue, we consider the amount in dispute as annuity proceeds.