327 So.2d 521 (1976)
Mrs. Peggy Jo Hilsmeyer BERRY
v.
METROPOLITAN LIFE INSURANCE COMPANY et al.
No. 10586.
Court of Appeal of Louisiana, First Circuit.
January 12, 1976.
Rehearing Denied March 1, 1976.
Writ Refused April 9, 1976.
*522 Ashton L. Stewart, Baton Rouge, for appellant.
W. Arthur Abercrombie, Jr., Baton Rouge, for Metropolitan Life Ins. Co., and others.
J. David McNeill, III, Baton Rouge, for Barbara Sue Berry.
Before LANDRY, COVINGTON and BARNETTE, JJ.
LANDRY, Judge.
Plaintiff Peggy Jo Hilsmeyer Berry (Appellant) appeals from judgment dismissing her claim against defendants, Ethyl Corporation (Ethyl), employer of Appellant's former and now deceased husband, Doss H. Berry, Jr. (Decedent); Metropolitan Life Insurance Company, Inc. (Insurer); and Barbara Sue Berry (Beneficiary), sister of Decedent, for one-half of the proceeds of a term life insurance policy issued by Insurer to Decedent pursuant to a group coverage plan embracing Ethyl's employees, which policy named Miss Berry beneficiary at the time of Decedent's death. We affirm.
The operative facts are uncontroverted. On November 2, 1960, during the marriage between Appellant and Decedent, Decedent entered Ethyl's employ and joined the group life plan offered by Ethyl to its employees through Insurer. From the inception Appellant was named beneficiary in the policy which initially insured Decedent for $33,000, and which sum on March 1, 1971, was augmented in the supplemental amount of $16,500.
On June 22, 1971, Appellant obtained a divorce from Decedent. Shortly thereafter Decedent filed with Ethyl's personnel office the requisite change of beneficiary forms to name his sister, Miss Berry, beneficiary under the policy. Decedent died March 22, 1973. On April 4, 1973, after Beneficiary's submission of the required proof of death and other necessary documents, Insurer paid Beneficiary the proceeds of the policy.
Appellant claims one-half of the policy proceeds on the premise that the policy belonged to the community of gains which previously existed between Appellant and Decedent, because the policy was taken out during the existence of their marriage. On this basis Appellant contends that upon dissolution of the community, she became vested with a one-half interest in the policy, and that Decedent was without legal right or authority to change the beneficiary to Appellant's half thereof. Appellant contends that as co-owner, she alone possessed the exclusive right to exercise all incidents of ownership of her one-half interest, including the naming of a beneficiary to her one-half of the proceeds. Appellant also asserts that the change of beneficiary by Decedent was ineffective insofar as it purported to change the beneficiary to Appellant's one-half of the policy proceeds.
It is conceded that the policy in question was a term life policy with no cash surrender value and contained no provision for payment of annuities during the lifetime of the insured. It is also acknowledged that the sole benefits payable were the death benefits payable to the named beneficiary upon Decedent's demise.
Appellant asserts liability on Ethyl's part on the ground that Ethyl had knowledge of the divorce and nevertheless authorized payment of total policy proceeds to Beneficiary. Insurer's liability is alleged on the ground that Ethyl's knowledge of the divorce is imputable to Insurer, and that Insurer therefore illegally paid Appellant's half of the policy proceeds to Beneficiary.
The lower court exonerated both Ethyl and Insurer from liability herein on the alleged ground of mispayment of policy proceeds upon finding that said parties were protected by LA-R.S. 22:643 and 23:638. The cited statutes provide in effect that when an employer pays benefits according *523 to the terms of a death or other employee benefit plan, or an insurer pays policy proceeds according to the policy terms, such an employer or insurer is protected from adverse claims unless written notice of the claim was received by the employer or insurer prior to payment. In rejecting Appellant's claim against Beneficiary, the lower court found that Appellant never had the right to name the beneficiary to any part of the proceeds because the policy expressly gave Decedent the sole right to designate the beneficiary.
Appellant correctly argues that the policy in question was part of the community which existed between her and Decedent. Our jurisprudence is well established to the effect that the nature of a life insurance policy, that is, whether the policy is the separate property of the insured or belongs to the community of gains existing between the insured and his or her spouse, is determined by the marital status of the owner at the time the policy is issued. Standard Life Insurance Company of the South v. Franks, La., 278 So.2d 112; In Re Moseman, 38 La.Ann. 219; Comment, Insurance and the Community, 25 La.L.Rev. 492 at 494.
Equally well settled, however, is the rule that death benefits or proceeds of a life insurance policy with a named beneficiary other than the estate of the insured owner, do not form part of the owner's estate, either separate or community, but belong exclusively to the validly designated beneficiary. Standard Life Insurance Company of the South v. Franks, above; T. L. James & Co., Inc. v. Montgomery, 308 So.2d 481; Smith v. Succession of Smith, 298 So.2d 146.
The divorce obtained by Decedent on June 22, 1971 terminated the community of gains which existed between Decedent and Appellant, effective as of March 11, 1971, the date on which the divorce action was instituted. No citation of authority is needed to support the holding that the judgment of divorce vested in Appellant an undivided one-half interest in all property belonging to the community, subject to payment of community debts and liabilities. Although subject policy is not listed among the community assets in the divorce proceeding, nevertheless, the above cited authorities clearly support the proposition that a one-half interest in the policy vested in Appellant as a result of the termination of the marriage. Additionally, since the record contains no evidence of a partition of this particular asset, it must be presumed that Appellant continued as onehalf owner of the policy until Decedent's death on March 22, 1973.
An analysis of the problem thus presented requires clear distinction between ownership of the lifetime benefits payable under an insurance policy and ownership of the death benefits or proceeds. The lifetime benefits are those exercisable by the owner and/or insured, pursuant to policy terms and provisions, during the lifetime of the owner and/or insured. Such benefits usually include the right to cash surrender value, receive dividends, assign or pledge policy proceeds, borrow against the policy, name and change the beneficiary, and execute conversion rights. See Comment 25 La.L.Rev. 492, above.
As previously noted, subject policy is strictly a term life coverage and therefore has no cash surrender value. It has no loan value and may not be pledged as security for debt. The only assignment permitted is by gratuitous donation executed with the prior written consent of the employer and insurer. The right to name a beneficiary is vested by the policy exclusively in the insured employee, except when the policy has been assigned by the employee with prior written consent of the employer and insurer.
Unquestionably, Appellant owns an undivided one-half interest in the policy itself, as distinguished from the proceeds payable *524 upon the death of the insured. Whatever rights vested in Appellant as a result of this ownership of the policy, our jurisprudence establishes that she can in no manner exercise rights of ownership contrary to the provisions of the policy itself. In this instance the policy vests in the named insured employee the exclusive right to name the beneficiary or to assign the policy with prior written consent of both employer and insurer. In this instance the named beneficiary is a person other than Appellant. Additionally, the record is devoid of a proper assignment by Decedent to Appellant. Consequently, under the policy provisions, Appellant has no right or claim to the proceeds payable upon Decedent's death.
As owner of a one-half interest in the policy, Appellant may have a right to proceed against Decedent's heirs for the value thereof, but that issue is not before us in this instance. We merely hold that Appellant's rights in and to the policy as a community asset, whatever the value of such rights may be, do not include the privilege of either naming a beneficiary to any portion of the proceeds payable upon the death of the insured or preventing the named insured employee from changing the beneficiary according to the policy provisions.
We conclude that the designation of Miss Berry as beneficiary was valid and entitled her to the entire policy proceeds payable upon Decedent's death.
Our conclusion that the payments to Miss Berry were valid obviates the necessity of considering the alleged liability of Ethyl and Insurer for averred mispayments of policy proceeds.
The judgment of the trial court is affirmed; all costs of these proceedings to be paid by Appellant Peggy Jo Hilsmeyer Berry.
Affirmed.