402 So.2d 753 (1981)
Succession of Allen Sneed JACKSON.
No. 12012.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1981.
*755 Harry R. Cabral, Jr., Metairie, for Dorothy Gray Jackson, appellant.
Barbara Ziv Greenbaum, New Orleans, for Elaine Jackson, appellee and appellant, on the merits.
Law Offices of Guy W. Olano, Jr. by Joan B. Montero, Kenner, for Succession of Allen Sneed Jackson, appellee.
Before BOUTALL, BARRY, and KLEES, JJ.
BOUTALL, Judge.
This appeal arises from a judgment of the trial court which disposed of the proceeds of several life insurance policies and an annuity policy to various parties. The disposition of these items forms the bases of the appeal.
On November 21,1970, Allen Sneed Jackson married his second wife, Dorothy Gray Jackson. During this marriage Mr. Jackson acquired several life insurance policies and one annuity policy which are described in pertinent part as follows:
a) Boston Mutual Life Insurance Co. (hereinafter referred to as Boston Mutual) group term life insurance policy in the amount of $35,000;
b) John Hancock Mutual Life Insurance Co. (hereinafter referred to as John Hancock) group term life insurance policy in the amount of $25,000;
c) Commercial Union Life Insurance Co. (hereinafter referred to as Commercial Union) annuity contract in the amount of $9,284.35.
On November 23, 1976, Mr. Jackson filed a suit for a separation from bed and board which was granted on October 20, 1977, thereby terminating the community retroactive to the date of filing of the suit. During the course of these proceedings the trial court issued a preliminary injunction against both of the Jacksons ordering them not to dispose of the community property acquired by them. At the time of the judgment of separation, Dorothy Jackson was the named beneficiary on the three policies described above. On February 10, 1979, Allen Jackson obtained a Haitian divorce against Dorothy Jackson and on February 12, 1979, he married Elaine Mead Jackson. Mr. Jackson changed the beneficiary on the three policies above to Elaine Jackson. Thereafter, on September 25, 1979, Mr. Jackson died, at which time Elaine Jackson continued to be the named beneficiary.
On October 9, 1979 Dorothy Jackson filed a petition for a preliminary injunction seeking to restrain the insurance companies from disposing of the proceeds of the insurance policies enumerated above. Her request for a preliminary injunction was granted by the trial court but was later dissolved on grounds that it was improperly issued. Subsequently, the proceeds of the three policies were deposited into the registry of the trial court by the respective insurance companies via concursus proceedings for disbursement by the court to the *756 proper parties. Those parties filing a claim to the proceeds include both Dorothy and Elaine Jackson and the children of the first marriage of the decedent.
The trial court awarded the proceeds of the two life insurance policies in favor of Elaine Jackson. Dorothy Jackson was awarded one half of the proceeds of the annuity policy which accrued during her marriage to the decedent, which amounted to $2724.55, and the remaining funds totalling over $6559.80 were awarded to the estate of the decedent. From this judgment both Dorothy and Elaine Jackson have appealed devolutively. The executor of the estate of Mr. Jackson answered the appeal seeking damages for frivolous appeal from Dorothy Jackson and seeking affirmation of the judgment of the trial court. Elaine Jackson answered the appeal filed by Dorothy Jackson seeking reversal of the trial court's judgment regarding distribution of the proceeds of the annuity policy, together with damages and costs of trial from Dorothy Jackson, and damages for frivolous appeal.
On appeal the issues before us are as follows: 1) whether the community formerly existing between Dorothy and Allen Jackson has ownership of both the term life insurance policies acquired during the existence of the community as well as the proceeds of these policies; 2) whether the community formerly existing between Dorothy and Allen Jackson is entitled to restitution for the community funds used to pay the premiums on the two term life policies acquired during the existence of the community; 3) whether the annuity contract acquired during the existence of the community between Dorothy and Allen Jackson is a community asset and what is Dorothy's interest in the proceeds; 4) whether Dorothy Jackson's interest in the annuity contract was payable immediately upon the death of Allen Jackson or does it form part of the separate estate of Allen Jackson and is therefore subject to reduction by his forced heirs; 5) whether the injunction issued during the separation proceeding restraining both Dorothy and Allen Jackson from disposing of assets of the community was violated by the latter when he changed the beneficiaries on both of the term insurance policies and the annuity contract; 6) whether the trial court properly assessed the costs of this concursus proceeding; and 7) whether damages for frivolous appeal should be awarded?
We are aided in our resolution of these issues by the detailed and well-reasoned opinion of the trial judge with which we agree in the main.

I
Regarding the first issue before us, the jurisprudence draws a clear distinction between ownership of a life insurance policy as opposed to the ownership of the proceeds of such a policy. The ownership of a policy of life insurance, whether it is separate or community property, is determined by the marital status of the owner at the time the policy is issued. Equally well known is the rule that death benefits or proceeds of a life insurance policy with a named beneficiary other than the estate of the insured owner, do not form part of the owner's estate either separate or community, but belong to the validly designated beneficiary. Consistent with these two different forms of ownership there are different benefits. The policy owner is entitled to the lifetime benefits payable under the insurance policy, that is, those exercisable by the owner pursuant to policy terms and provisions, during the lifetime of the owner. These benefits include: the right to cash surrender value, receive dividends, assign or pledge policy proceeds, borrow against the policy, name and change of beneficiary, and execute conversion rights. On the contrary, the owner of the death benefits or proceeds is entitled exclusively to the proceeds when the policy accrues at death. Another point to consider here is that the existence of the lifetime benefits for the policy owner differs when there is a term policy or a whole life policy. In the case of the term policy the lifetime benefits are limited, whereas, the entire package of benefits is generally available for the whole life policy. No distinction *757 as to the existence of benefits is made for the owner of the death benefits or proceeds as the proceeds for either a whole life or a term life policy are payable when the policy accrues. Berry v. Metropolitan Life Insurance Company, 327 So.2d 521, 523 (La.App. 1st Cir. 1976); T. L. James and Co., Inc. v. Montgomery, 332 So.2d 834 (La. 1975).
In the matter before us both of the term life insurance policies namely the Boston Life Policy and the John Hancock Life Policy, were acquired during the existence of the community between Dorothy and Allen Jackson. Therefore, ownership of these policies belongs to the community existing between them. As such the community was entitled to all of the lifetime benefits attributable to a term life policy which, upon accrual of the policy as has occurred here with the death of Allen Jackson, amounts to nothing. Regarding the proceeds of the two term life policies, Elaine Jackson was the named beneficiary at the time when the policies accrued upon the death of Allen Jackson. Therefore, she is the exclusive owner of these proceeds and is entitled to them. The claim made by Dorothy Jackson to these proceeds is denied.

II
With respect to the issue of restitution of community funds used for the payment of premiums on life insurance policies the jurisprudence draws a distinction between policies acquired prior to the existence of the marriage and those acquired during the marriage. For the former type they are the separate property of the spouse acquiring them and the community is entitled to restitution only when the cash value of the policy has increased during the community's existence and then only for one-half the extent of the increase in value. For those policies acquired during marriage they are community property and the community is entitled to reimbursement according to the value that the policy had at the time of the dissolution of the community. In this case the term insurance policies never had a cash surrender value. Therefore, no accounting is due to the community for premiums paid. Connell v. Connell, 331 So.2d 4 (La.1976); T. L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1975).

III
In recent jurisprudence the Supreme Court has addressed the issue of whether annuity or pension rights acquired during the existence of the community are a community asset and whether the non-employed spouse is entitled to any of these rights and to what degree, if any. In T. L. James and Co., Inc. v. Montgomery, supra, the court stated:
"`When acquired during the existence of a marriage, the right-to-share [in a retirement plan] is a community asset which, at the dissolution of the community, must be so classifiedeven though at the time acquired or at the time of dissolution of a community, the right has no marketable or redeemable cash value, and even though the contractual right to receive money or other benefits is due in the future and is contingent upon the happening of an event at an uncertain time.'" (332 So.2d 851)
Hence, an annuity contract acquired during the existence of the community is a community asset. In Sims v. Sims, 358 So.2d 919 (La.1978) the court indicated that the non-employed spouse was entitled to share in the proceeds of the annuity contract which had accrued during the community. The court stated:
"* * * our courts have uniformly held that, at the dissolution of the community, the nonemployed spouse is entitled to judgment recognizing that spouse's interest in proceeds from a retirement annuity, or profit-sharing plan or contract, if and when they become payable, with the spouse's interest to be recognized as one-half of any payments to be made, insofar as they are attributable to the other spouse's contributions or employment during the existence of the community."
The formula to be used for determining the spouse's interest in this community asset is as follows:
*758
 Portion of pension attributable to creditable
 service during existence of community × ½ × annuity (or
 --------------------------------------
 Pension attributable to total creditable lump-sum
 service payment)
One final point for consideration here is that the non-employed spouse's interest in the annuity contract or pension rights is not payable until the contract or rights become due. See Sims v. Sims, supra; Kennedy v. Kennedy, 391 So.2d 1193 (La.App. 4th Cir. 1980).
By applying the above principles of law to the matter before us we find that the Commercial Union annuity contract acquired during the existence of the community between Dorothy and Allen Jackson was a community asset. Dorothy Jackson as the non-employed spouse was entitled to ½ of the proceeds attributable to Allen Jackson's contribution and employment during the existence of the community.
The annuity contract provides that upon the death of the annuitant, Mr. Jackson, prior to the maturity date Commercial Union will pay, "... the cash value of the policy at the date of death or the total amount of premiums paid under the policy if greater ..." Upon dissolution of the community, the cash surrender value of the policy was $4,177.20. Upon the death of Allen Jackson, the cash surrender value was $9,284.35. Apparently, the premiums paid by the decedent were less than the cash value and therefore, the figures indicated for cash value are those that are to be used in the formula previously indicated. The proper formula can be expressed as follows:

 4,177.20 × ½ × 9284.35 = $2088.60
 --------
 9,284.35

Accordingly, Dorothy Jackson's ½ interest in the proceeds attributable to the community with Allen Jackson is $2,088.60.
The trial court reached a figure of $2,724.55 as the amount owed to Dorothy Jackson as her ½ interest in the pension proceeds attributable to the community. The court found this figure based on the following ratio:

 5,449.10 × ½ × 11,837.70 = $2724.55
 ---------
 11,837.70

These figures were reached by multiplying the monthly income from the annuity contract upon maturity times the number of months in which the community was in existence during the policy and the number of months in which Mr. Jackson lived after purchasing the policy.[1] However, the policy clearly shows that the monthly income benefit is payable upon the maturity of the policy and that benefit is not applicable when the annuitant dies prior to the maturity date. Accordingly, the judgment is amended to declare Dorothy Jackson's interest to be $2088.60.

IV
Having determined the basis of Dorothy Jackson's ownership, we consider the issue of its proper distribution. The trial court found that Dorothy Jackson is merely a creditor of the estate of Allen Jackson to the extent of her interest, stating that the entire annuity fund became an asset of the separate estate of Allen Jackson and it must be included in the descriptive list of the property of the decedent for the purpose of ascertaining the disposable and the forced portions. In making its decision the trial court relied upon the case of Jochum v. Estate of Favre, 313 So.2d 870 (La.App. 4th Cir. 1975). However, we find that the facts before us are distinguishable from those in Jochum v. Estate of Favre, supra, and for us to follow that ruling would be in violation of Sims v. Sims, supra. In the latter case the Supreme Court indicated that an annuity or retirement contract *759 or plan acquired during the existence of the marriage was a community asset and further that upon dissolution of the community the non-employed spouse was entitled to a judgment recognizing that spouse's interest in the proceeds from the annuity or retirement. Moreover, these proceeds are payable when they become due, that is, at the time of retirement or death. In Jochum v. Estate of Favre, supra, we indicated that the annuity contract acquired prior to the existence of the marriage was the separate property of the spouse acquiring it. Upon that spouse's death the proceeds of the annuity formed part of the estate of the decedent and as such were included in the descriptive list of the property of the decedent.
In the matter before us the Commercial Union annuity contract was acquired during the existence of the community and therefore, it was a community asset subject to the claim by Dorothy Jackson for her interest as the non-employed spouse in the proceeds accruing during the existence of the community. Under the jurisprudence discussed above, her interest was payable immediately after the death of Allen Jackson as that is the date upon which the annuity proceeds became due. Accordingly, the decision of the trial court holding that Dorothy Jackson is only a creditor of the estate is in error and she is entitled to the immediate ownership of the proceeds described above.

V
The fifth issue before us involves the inter-relation of the rights under the various policies as discussed above with the effect of an injunction issued ancillary to the separation proceedings.
In each of the policies discussed above, the named owner, Allen Jackson, had the right to change his beneficiary. The beneficiary had been Dorothy Jackson and was later changed to Elaine Jackson prior to Allen's death. At the time that Allen changed beneficiaries, there was in effect an injunction restraining and enjoining Allen from "* * * * disposing of, alienating, mortgaging or encumbering any of the community estate." A similar injunction was in effect against Dorothy. It is contended that the act of changing beneficiaries was in violation of the injunction and thus is null and void. The trial court held that the injunction was not violated insofar as the proceeds of the term life insurance policies were concerned, not being a community asset, and hence the change of beneficiary was effective. With respect to the change of beneficiary on the annuity contract, the trial court held that the injunction had been violated because the annuity contract was a community asset, and that the change of beneficiary was void, awarding Dorothy Jackson the amount indicated above, and the balance of the proceeds to the estate of Allen Jackson.
Considering first the term life insurance policies, Allen Jackson had the authority in those policies to change the beneficiaries. The proceeds of a term policy acquired during the existence of the community do not constitute a community asset, as discussed above, but instead belong to the validly designated beneficiary. Berry v. Metropolitan Life Insurance Company, supra. Not being a community asset, these proceeds did not come within the scope of the injunction protecting the community estate. Accordingly, the injunction was no bar to Allen Jackson's policy right to change his beneficiary.
Now turning to a consideration of the annuity contract, we find a much more complex problem. Allen Jackson had a right under the policy to change his beneficiary. However, under our community property law, the jurisprudence is clear that an annuity agreement acquired during the existence of the community is a community asset, thereby entitling both spouses to an interest therein. T. L. James & Company, Inc. v. Montgomery, supra. The other spouse is entitled to share in the proceeds of the annuity contract in accordance with Sims v. Sims, supra. The proceeds of the annuity policy up to the time of dissolution of the community fall into the community estate, and thus within the scope of the *760 injunction. The change in beneficiary is null and void as to that community asset, i.e., the cash value of the policy at the time of the dissolution of the community, $4,177.20.
We have already discussed above the nature of the interest of Dorothy Jackson and fixed her one-half interest at $2088.60. We reiterate that she acquires this not because she was then named beneficiary, but because she acquired ownership as partner in community in accordance with the Sims case. Similarly, it must necessarily follow that Allen Jackson acquired the other half interest as the other partner in community and that this amount, $2,088.60, must be awarded to his estate, his naming of a beneficiary being invalid to that extent.
At the same time, we point out that upon the dissolution of the community, the community does not continue to acquire ownership of the proceeds thereafter but these proceeds become the property of the spouse in whose name the contract is issued. Because these proceeds are not a part of the community estate, they do not come within the scope of the injunction, and we see no bar to the exercise of the policy right to change beneficiaries. To rule otherwise is to either require that the annuitant keep as a beneficiary his former wife (a result not desired by the annuitant, and a result granting her rights far in excess of the principles of Sims v. Sims), or to require that he leave his estate as a beneficiary in derogation of his policy right to afford benefits to someone of his choice.
Accordingly, as to that portion of the proceeds accruing after dissolution of the community, we find no violation of the injunction and we conclude that the trial judge was in error in allotting those proceeds to the estate of Allen Jackson. Instead, we find Elaine Jackson is entitled to an award of $5,107.15 as beneficiary under the policy.

VI
In her answer to the appeal, Elaine Jackson claims that she is entitled to receive her costs associated with the concursus proceeding. LSA-C.C.P. Art. 4659 provides:
"When money has been deposited into the registry of the court by the plaintiff, neither he nor any other party shall be required to pay any of the costs of the proceeding as they accrue, but these shall be deducted from the money on deposit. The court may award the successful claimant judgment for the costs of the proceeding which have been deducted from the money on deposit, or any portion thereof, against any other claimant who contested his right thereto, as in its judgment may be considered equitable.
"In all other instances, the court may render judgment for costs as it considers equitable."
In considering this question the trial court assessed the costs of the proceedings against both Elaine and Dorothy Jackson. In doing so the court stated the following reasons:
"* * * * * This Court concludes that, in light of the complexity surrounding this matter, neither Dorothy nor Elaine Jackson arbitrarily brought their claims for the proceeds of the said insurance and annuity policies. The fact that this Court has ruled in favor of Elaine in the insurance policy aspects of this matter and in favor of Dorothy in the annuity aspect evinces that equity occasions it to order costs to be borne by each litigant."
Upon a review of the record we see no reason to disagree with the trial court's holding or its reasons.

VII
The final issue for our consideration concerns a request by Elaine Jackson and the executor of the estate of Allen Sneed Jackson for damages for frivolous appeal. LSA-C.C.P. Art. 2164 provides that an appellate court may award damages for frivolous appeal. The jurisprudence interpreting this statute indicates that,
"Damages for frivolous appeal are not allowable unless it is obvious that the appeal was taken solely for the purpose *761 of delay or that counsel is not sincere in view of the law which he advocates"
L. Frank & Co. v. Devillier's Foodliner, 365 So.2d 501 (La.App. 4th Cir. 1978); Tullis v. Aertker, 352 So.2d 415 (La.App. 3rd Cir. 1977).
In the matter before us neither of the appeals by Dorothy and Elaine Jackson were for the purpose of delay or were insincere in view of the applicable law. Therefore the claims for frivolous appeal are denied.
For the reasons assigned, we affirm the judgment appealed from except insofar as it declares ownership of and distributes the proceeds of the Commercial Union Annuity policy, and as to that we amend the judgment to read as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment rendered in favor of Dorothy G. Jackson and against Elaine Mead Jackson and the Estate of Allen Sneed Jackson, recognizing and decreeing Dorothy G. Jackson to be the owner of a one-half community interest in the Commercial Union Annuity proceeds, and thus entitled to the sum of $2,088.60 from the proceeds deposited in court;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment rendered in favor of the Estate of Allen Sneed Jackson and against Dorothy G. Jackson and Elaine Mead Jackson, recognizing it to be the owner of a one-half community interest in the Commercial Union Annuity proceeds, and thus entitled to the sum of $2,088.60 from the proceeds deposited;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment rendered in favor of Elaine Mead Jackson and against Dorothy G. Jackson and the Estate of Allen Sneed Jackson recognizing and decreeing Elaine Mead Jackson to be a beneficiary of a portion of the Commercial Union Annuity proceeds, and thus entitled to the sum of $5,107.15 from the proceeds deposited.
As thus amended, the judgment is affirmed, all costs of these appeals to be borne by the respective parties.
AMENDED AND AFFIRMED.
NOTES
[1] 187.90 × 29 months = $5,449.10
 ________________________ __________
 187.90 × 63 months $11,837.70

Note that the total benefit figure is more than the $9,284.35 deposited in Court.