756 So.2d 677 (2000)
ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, Plaintiff-Appellee,
v.
Jean Alice Starr OATES and Beverly Jeannie Oates, Defendants-Appellants.
No. 33,045-CA.
Court of Appeal of Louisiana, Second Circuit.
April 5, 2000.
*678 Love, Rigby, Dehan & McDaniel by Truly W. McDaniel, Shreveport, Counsel for Defendant-Appellant, Beverly Jeannie Oates.
Patricia N. Miramon, Shreveport, Counsel for Defendant-Appellee, Jean Alice Starr Oates.
Tristan Edwards Manthey, New Orleans, Counsel for Plaintiff-Appellee, Allianz Life Ins. Co.
Before NORRIS, C.J., and WILLIAMS and PEATROSS, JJ.
NORRIS, Chief Judge.
Allianz Life Insurance Company of North America brought a concursus proceeding to determine the rights to death benefits under a life insurance policy issued to Monroe Boyce Oates in 1977. In a subsequent divorce and community property settlement, the policy was designated as a "co-owned" asset of Oates and his first wife. After his death, Oates' first wife challenged the designation of the second wife as beneficiary. The district court granted summary judgment to the policy beneficiary, awarding her the death benefits payable under the policy. For the reasons expressed herein, we affirm.

Factual Background
In July 1977, Allianz issued a life insurance policy to Monroe Boyce Oates. The beneficiary was Monroe's first wife, Beverly Jeannie Oates. When Monroe and Beverly divorced in 1994, they executed a community property settlement agreement dated April 14, 1994 which specified that the policy "continue to be owned by the parties in an undivided ownership at such time as they agree upon the manner of concluding the disposition of same." Monroe subsequently remarried, and on November 19, 1995, changed his beneficiary to his new wife, Jean Alice Star Oates. Monroe died on August 19, 1997.
Shortly after Monroe's death, Beverly contacted Allianz, claiming that the beneficiary was changed without her knowledge or permission, in violation of her divorce decree and property settlement. Allianz also received a request for payment of the policy benefits from Jean. In response to the conflicting claims, Allianz invoked the present action and deposited the policy proceeds into the court registry. Both Jean and Beverly filed answers. Jean moved for summary judgment, which the trial court granted, ruling that she was *679 entitled to the policy proceeds. Beverly appeals this judgment.

Discussion
The thrust of Beverly's argument is that she is entitled to the policy proceeds, or at least her share of them, because, by virtue of the community property settlement, she was a co-owner of the policy. She argues that since the right to change beneficiaries is an inherent right of "ownership," Monroe's unilateral change of beneficiaries should be considered a legal nullity, thereby leaving her as the sole beneficiary. Under La. C.C. art. 801, she argues, a change of beneficiary requires the agreement of both co-owners; accordingly, Monroe had no right to change the policy beneficiary absent her consent; and to the extent that he had such a right, it could only be as to his half.
We find this argument to be without merit. It is well settled that ownership of a policy is legally distinguishable from the ownership of benefits payable under a policy. Contois v. Contois, 95-0794 (La.3/8/96), 669 So.2d 1181, 1183; Standard Life Ins. Co. v. Franks, 278 So.2d 112, 114 (La.1973). In addition, benefits paid under a policy are legally separate from the policy itself, and are not considered community assets. Id. Neither are the proceeds to be considered part of a decedent's estate, as they are exclusively owned by the named beneficiary. Standard Life, supra; T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1975); American Health & Life Ins. Co. v. Binford, 511 So.2d 1250, 1253 (La.App. 2d Cir.1987).
We agree with Beverly that the community property settlement granted her an undivided one-half interest in the policy itself; however, this is distinguished from the proceeds payable upon the death of the insured which only come into existence at accrual. As such, Beverly's only claims related to her co-ownership of the policy are limited to those which she may assert against Monroe's estate for the cash surrender value, if any, dividends from the policy itself, or any other "lifetime" benefits which were due at the time of the community property partition.
Under the terms of the policy, which was a contract between Monroe and Allianz, Beverly had no enumerated right to change beneficiaries. See, e.g., Berry v. Metropolitan Life Ins. Co., 327 So.2d 521, 524 (La.App. 1st Cir.1976). In addition, Allianz was never placed on notice as to Beverly's co-ownership interest in the policy; therefore, it was entitled to rely on the policy terms. Moreover, La. C.C. art. 802 states that as against third persons to a co-ownership, such as Allianz in this case, "a co-owner has the right to use and enjoy the thing as if he were the sole owner." Since designating beneficiaries is an incident of ownership, Monroe simply was exercising that right when he designated Jean as beneficiary. To the extent that Beverly shared the same right as co-owner, she chose not to do so.
In reaching this conclusion, we express no opinion on Beverly's argument that Monroe's actions may have been in contravention of La.C.C. art. 801 or the community property settlement agreement. This is because Beverly's remedy, if any, is more properly against Monroe's estate and does not entail nullifying an otherwise binding insurance contract. We therefore conclude that Monroe's designation of Jean as beneficiary was valid and entitled her to the entire policy proceeds payable upon his death.

Conclusion
For the reasons expressed above, the judgment is affirmed. Costs are assessed to the appellant, Beverly Jeannie Oates.
AFFIRMED.