NO. 7887.

STATE OF LOUISIANA.

SUCCESSION

OF

COURT OF APPEAL

JOSEPHINE PORTER.

PARISH OF ORLEANS.

-------------------

By his Honor John St. Paul.

The issue here presented is the extent to which the proceeds of life insurance policies are exempt from liability for debt in this state.

The deceased held two policies upon her own life, payable to her estate; and she was the beneficiary under two other policies upon the life of another person, who died a few days before her.

The proceeds of all four policies were collected by her executor after her death constituting the only assets in his hands; and certain creditors claim the right to participate in the distribution thereof in preference to the universal legatee.

I.

Act 189 of 1914 and Act 88 of 1916 exempt the proceeds of all life insurance policies from all liability for any debt not secured by pledge or assignment of the policy.

And although "life insurance made payable to the executors, administrators or assigns of the assured, forms part of his estate at his death," nevertheless "the exemption of the proceeds or avails of all life insurance from liability for any debt (except a debt secured by pledge or assignment of the policy) by act 189 of 1914, is not merely a personal exemption in favor of the assured, but inures to the benefit of his heirs at

law, and exempts the proceeds or avails of life insurance made payable to the executors or assigns of the assured from liability for his debts or the debts of his succession at his death."
Succession of Le Blanc, 142 La 27.

The several policies in that case were on the life of the deceased and payable "to his wife, if living; if not, then to his executors, administrators or assigns", subject to the right of the assured to change the beneficiary. After the death of his wife the assured changed the beneficiary as to some of the policies and made them payable directly to "his estate"; others he left unchanged. But the exemption was applied equally to all the policies.

The doctrine of this case was approved in Succession of Clement, 146 La 385.

## II.

So much for the policies upon the life of the deceased herself and made payable to her estate. As to the other policies, upon the life of a third person with herself as beneficiary, it is clear that her heir, or universal legatee, acquired exactly the same rights therein as she herself had.

But in that respect the statute seems quite clear. The proceeds of a policy of life insurance payable

otherwise than to the estate of the assured, have never formed part of that estate and hence have never been held liable for his debts. It follows therefore that no statute was necessary to exempt the proceeds of such policies from liability for the debts of the succession. Accordingly as to such policies the statute must have meant to exempt them from liability for the debts of the beneficiary, as being the only debts for which they ever were liable.

The proceeds of a life insurance policy are therefore exempt from liability for the debts of the beneficiary, at least whilst they are kept apart and distinguishable from the rest of his property; and of course the heir of the beneficiary may set up that exemption as he himself might have done. $\times$

III.

As to the proposition that because the executor proposes to pay some of the debts of the deceased out of these life insurance funds, and the universal legatee has not objected, therefore they are estopped from denying that the fund is liable generally for all the debts of the deceased; it is without merit. See, Succession of Fontana, No. 7404 of our docket; Succ of Mulledy, 47 An 1580. If the fund belonged to the heir and not to the

estate, then the heir may do with it as he pleases, and it lies not in the mouth of any creditor of the estate to complain.

The judgment appealed from appears correct, and should be affirmed.

Judgment Affirmed.

New Orleans La, January 10th, 1921.