278 So.2d 112 (1973)
STANDARD LIFE INSURANCE COMPANY OF THE SOUTH
v.
Mrs. Margaret Dahlquist FRANKS, Co-Administrator, et al.
No. 52455.
Supreme Court of Louisiana.
May 7, 1973.
Dissenting Opinion June 11, 1973.
*113 Russell T. Tritico, Lake Charles, for defendant-applicant.
Edgar Perkins, Jr., DeQuincy, William L. McLeod, Jr., Lake Charles, for defendants-respondents.
BARHAM, Justice.
The plaintiff insurance company invoked this concursus proceeding by depositing in the registry of the court the sum of $39,568.46, the balance of the benefits due under a life insurance policy on the life of Raymond Andrew Dahlquist. Made parties defendant as adverse claimants to the funds on deposit were Mrs. Carolyn Boyles Dahlquist, former wife of the deceased insured; Mrs. Margaret Dahlquist Franks and Dr. W. L. Dahlquist, co-administrators of the succession of the deceased; and James Ray Franks, tutor of the minor child of the deceased, Raymond Andrew Dahlquist, Jr. The district court found that Mrs. Carolyn Boyles Dahlquist was the primary beneficiary of the policy and awarded her the full sum deposited. The other claimants appealed.
The Court of Appeal, with one judge dissenting, reversed the trial court and awarded the proceeds of the life insurance policy to the surviving contingent beneficiary, Raymond Andrew Dahlquist, Jr., through his tutor.[*] We granted writs on the application of the named primary beneficiary, Mrs. Dahlquist. We hold that the Court of Appeal erred, 260 So.2d 365, and we reverse.
We agree with both courts below that undoubtedly Mrs. Dahlquist is the only primary beneficiary under the policy. The policy, which provided a face amount of $25,000.00 with double indemnity in case of accidental death, was issued in 1964 during the marriage of the deceased and the named beneficiary. The policy was assigned to the holder of the mortgage note on the family home to the extent necessary to pay the balance due on the mortgage. Mr. and Mrs. Dahlquist separated in June, 1969, entered into a community property settlement in November of that year, and obtained a final judgment of divorce in January, 1970. Six months later the insured and one of the two children of the marriage died by accidental drowning. At the date of the death of the insured the former wife remained the named primary beneficiary, and the children of the marriage were the named contingent beneficiaries. After paying the *114 balance due to the holder of the mortgage note, the insurance company deposited in the registry of the court a sum representing the remainder of the face amount and double indemnity benefits payable under the policy.
All parties to this litigation have agreed that the insurance policy was community property. The Court of Appeal concluded that the primary beneficiary had renounced the death benefits of the life insurance policy in the community property settlement, although admittedly there was no mention of the insurance policy or of the benefits of the policy in that settlement. That court held that the provision by which Mrs. Dahlquist conveyed to her husband "4. Any and all other community property located in the State of Louisiana not specifically described herein" had deprived her of the right to claim the proceeds of the policy. The Court of Appeal stated: "* * * the intent and purpose of the catch-all clause [quoted above] was that the wife divest herself of any community assets not mentioned. We think this intent and purpose included the benefits of the life insurance policy." (Emphasis supplied.)
The death benefits of the life insurance policy were never community property, for there was a named beneficiary other than the estate of the insured. Death benefits payable to one other than the estate are not part of the community of acquets and gains, and they were not here made a part of that community through the settlement agreement. We need only examine the contract of insurance, therefore, to determine to whom are due the funds on deposit. The contract of insurance contained a provision for change of beneficiary. The deceased did not exercise the right to change the beneficiary. We need not inquire into whether he desired to change the beneficiary, for we are bound by the unambiguous contract which names the beneficiary. It is true that the policy of insurance, as opposed to the death benefits under the policy, was transferred in the community settlement. The deceased was in fact vested with all the rights and obligations under the policy of insurance. He owned the policy, but not the death benefits. Insofar as the death benefits were concerned, he retained only the contractual right to change the beneficiary.
Since the death benefits of a life insurance policy which are not payable to the decedent's estate are, as we have said, not community property, the death benefits of the life insurance policy here were not community assets. Accordingly, Mrs. Dahlquist neither divested herself of the death benefits nor renounced those benefits when she transferred "Any and all other community property" to the deceased. As the named beneficiary she is entitled to the funds on deposit.
The judgment of the Court of Appeal is reversed, and the judgment of the trial court is reinstated. All costs are to be paid by respondents.
SUMMERS, J., dissents with reasons.
SUMMERS, Justice (dissenting).
I agree with the reasons for judgment assigned by the Court of Appeal. See 260 So.2d 365.
NOTES
[*] By motion filed in this court the First National Bank of Lake Charles was substituted as tutor for the minor.