834 So.2d 659 (2002)
Susan McKneely FOWLER
v.
Claude Ed FOWLER.
No. 2002 CA 0222.
Court of Appeal of Louisiana, First Circuit.
December 31, 2002.
Rehearing Denied February 3, 2003.
*660 H. Alston Johnson, III, Vincent Saffiotti, Baton Rouge, for PlaintiffAppellee Susan McKneely Fowler.
Rodney C. Cashe, Deshea S. Richardson, Hammond, for DefendantAppellant Claude Ed Fowler.
Before: FOIL, FOGG, and KLINE,[1] JJ.
KLINE, J. Pro Tem.
In this case, a former husband appeals a judgment finding that the proceeds of life insurance policies paid on the death of his son, during the existence of the former community of acquets and gains, are the separate property of his former wife, the mother of the deceased. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
Claude Ed Fowler and Susan M. Fowler were married on June 4, 1965. Their son, Claude E. Fowler, Jr. was born on February 22, 1969. The Mutual Life Insurance Company of New York issued three "whole life" policies of life insurance on Claude Fowler, Jr., totaling $500,000. The first, with a face amount of $100,000, was acquired on January 16, 1986, the second was issued on September 17, 1987, with a face amount of $100,000, and a third policy was issued on February 3, 1988, with a face amount of $300,000. In all three policies, Claude E. Fowler, Jr. was the insured, Susan M. Fowler was designated as *661 first beneficiary, and Claude Ed Fowler was designated as second beneficiary.
Claude Fowler, Jr. died in an automobile accident in March 1990 at the age of twenty-one, and the proceeds of all three policies were paid to Susan M. Fowler and deposited initially in a Prudential Annuity account in the name of Susan M. Fowler and, subsequently, in a Merrill Lynch account in the name of Susan M. Fowler.
In July of 1998, Susan Fowler filed a petition of divorce against Claude Fowler. A judgment of divorce was rendered on April 5, 1999. Susan Fowler filed a community property partition suit on June 1, 1999. All claims arising out of the dissolution of the community were resolved by a written stipulation dated January 8, 2001, reserving for a decision by the court the sole issue of whether $450,000 of those proceeds for the life insurance policies are community property or the separate property of Susan M. Fowler. The trial court declared the proceeds of the life insurance policies to be the separate property of Susan M. Fowler. Claude Fowler appealed this judgment and on appeal urges this court to find the insurance proceeds were community property.
In perspective, the three insurance policies were purchased during the community. The named insured died during the existence of the community some eight years prior to its termination by divorce. The proceeds were paid to the first named beneficiary, Mrs. Fowler, during the existence of the community. Thus, the insurance contracts or polices themselves did not exist at the termination of the community. There could be no cash value, no right to change beneficiary or other indicia of ownership. The clear issue is not the ownership of the policies, but whether the proceeds payable to the named beneficiary during the community are separate or community funds.

CONTENTIONS OF MR. FOWLER
Mr. Fowler assigns error to the trial court's finding that the proceeds of the life insurance policies paid to Mrs. Fowler during the community of acquets and gains were the separate property of Mrs. Fowler. Mr. Fowler contends that Mrs. Fowler did not overcome the presumption of community property, which was her burden to prove.
Louisiana Civil Code Art. 2340
Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove they are separate property.
Mr. Fowler relies on the holding of Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12 (1956), that since a policy of life insurance was issued during the existence of the (second) marriage, the proceeds of the policy were part of the community of that (second) marriage. The court reasoned that the status of the proceeds of such life insurance, i.e., whether separate or community property, depends upon whether the contract of insurance was made during the existence of the community.
Appellant, Mr. Fowler strenuously argues that the insurance policies were issued during the marriage; community funds paid the premiums; there was no evidence of a donative intent and none was found by the trial court; the benefits were received by a spouse in community; therefore, civil code principles of community property should control.
Mr. Fowler further contends that the trial court had no scintilla of evidence in support of overcoming the presumption of community funds.

*662 CONTENTIONS OF MRS. FOWLER
Mrs. Fowler argues that she was designated in all three policies as both the beneficiary and the owner of the policies, however, she acknowledges that rights of ownership of these policies are not relevant as to the classification of the proceeds. Mrs. Fowler further notes that the policy language designated the insured himself as owner upon his twenty-first birthday, which he had attained just prior to his demise.[2]
As the undisputed beneficiary of the policies, Mrs. Fowler urges the applicability of La R.S. 22:647, to wit:
2. La. R.S. 22:647 provides in part, "the lawful beneficiary ... of a life insurance policy or endowment policy, heretofore or hereafter effected shall be entitled to the proceeds and avails of the policy against the creditors and representatives of the insured and of the person effecting the policy or the estate of either, and against the heirs and legatees of either such person... (emphasis supplied)
She contends that Mr. Fowler is "a person effecting the policy" by virtue of his community property claims and he cannot prevail against the beneficiary under language of La. R.S. 22:647.
Mrs. Fowler further contends that the holding of the Louisiana Supreme Court decision in Thigpen v. Thigpen, was implicitly overruled by the clear language of that court in Standard Life Insurance Co. of the South v. Franks, 278 So.2d 112 (La. 1973):
All parties to this litigation have agreed that the insurance policy was community property. * * * The death benefits of the life insurance policy were never community property, for there was a named beneficiary other than the estate of the insured. Death benefits payable to one other than the estate are not part of the community of acquets and gains, and they were not here made a part of that community through the settlement agreement. We need only examine the contract of insurance, therefore, to determine to whom are due the funds on deposit [in the registry of the court]. * * * It is true that the policy of insurance, as opposed to the death benefits under the policy, was transferred in the community settlement. The deceased [husband] was in fact vested with all the rights and obligations under the policy of insurance. He owned the policy, but not the death benefits. Insofar as the death benefits were concerned, he retained only the contractual right to change the beneficiary [which he never did].
Mrs. Fowler contends that Berry v. Metropolitan Life Insurance Company 327 So.2d 521 (La.App. 1 Cir.1976), is consistent with these principles, to wit:
Equally well settled, however, is the rule that death benefits or proceeds of a life insurance policy with a named beneficiary other than the estate of the insured owner, do not form part of the owner's estate, either separate or community, but belong exclusively to the validly designated beneficiary. [citations omitted].
Spaht and Hargrave, Matrimonial Regimes (2nd Ed.), 16 La. Civ. Law Treatise, Section 3.32, p. 122-123 is quoted as follows:
Louisiana courts treat life insurance as a unique contract governed by its own rules rather than by Civil Code rules on donations. Subsequent statutes have confirmed that basic policy decision. The proceeds of a policy paid upon the *663 death of the insured go to the beneficiary of the policy without regard to community property concerns. The beneficiary receives those funds with no obligation to compensate the spouse of the insured or the owner of the policy, regardless of the source of funds used to pay the policy premiums. * * *
In essence, Mrs. Fowler argues that the result by the trial court was correct in that any presumption that the proceeds were community property had been rebutted by the characterization of the proceeds under the law.

DISCUSSION
There are two lines of reasoning in this case that may ultimately result in a common finding that the proceeds of those life insurance policies paid during the community are the separate property of the named beneficiary spouse. Things in the possession of a spouse during the existence of a regime of community of acquets and gains are presumed to be community, but either spouse may prove that they are separate property. La. C.C. art. 2340.
This case was submitted to the district court on the record after a hearing on July 3, 2001, in which counsel for the parties presented argument but no additional evidence. After taking the matter under advisement, the trial judge rendered judgment in favor of Mrs. Fowler for the written reasons given as follows:
The ... issue to be decided by the court is whether life insurance proceeds of $450,000.00 paid on a life insurance policy on the life of a son of Mr. [a]nd Mrs. Fowler [are] community or separate property. Mrs. Fowler is named first beneficiary on all policies. Claude Fowler, Sr. is named as a second beneficiary only if Susan M. Fowler should not be living at the death of the insured.
Both parties have presented well-written defenses of their position[s]. However, this Court finds that the law favors plaintiff's position. Defendant argues that the money in question is presumed to be community property. While this Court agrees, the Court finds plaintiff has overcome that presumption. Therefore the insurance proceeds are ruled to be Susan Fowler's separate property.
A trial court's determination of whether an insurance policy is separate or community property is subject to the manifest error standard of appellate review. Biondo v. Biondo, 99-0891, p. 4 (La.App. 1 Cir. 7/31/00), 769 So.2d 94, 99. Thus, the trial court's finding of fact may not be set aside on appeal unless there is no reasonable factual basis for the finding and the finding is clearly wrong (manifestly erroneous). Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). On appellate review, if an appellate court makes a determination that the trial court's findings are reasonable in light of the record reviewed in its entirety, then the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Stobart v. State, Department of Transportation and Development, 617 So.2d at 882-883. Where two permissible views of the evidence exist, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Id.
An examination of the record presented on appeal reveals the following facts in addition to those stated by the trial court. Susan McKneely Fowler owned an interest in Harry McKneely & Son, Inc. ("McKneely"), obtained by gift from her parents. It was uncontested that this interest was Mrs. Fowler's separate property. Both she and her deceased son, *664 Claude E. Fowler, Jr., had been employees of McKneely.
The first policy, acquired when the insured was seventeen years old designated rights under the policy as follows:
NON-MAJORITY: "All rights to employer except: (1) right to change beneficiary for any amount in excess of employer's interest to Susan M. Fowler mother (insured or, 3rd party name or his/her executors or administrators) and: (2) rights to assign and change designation of rights to Susan M. Fowler mother (insured, or, 3rd party name or his/her executors or administrators) and employer jointly." [Underscoring added.]
The second policy was acquired when the insured was nineteen years old and contained the following language relative to rights under the policy:
All rights provided in the "RIGHTS (OWNERSHIP) UNDER POLICY" Section of this endorsement belong exclusively to the following: (a) before the Insured's 21st birthday, to mother, Susan M., if living, if not, to father, Claude, if living; (b) on and after such birthday or after the earlier of death of the survivor of said mother and said father, to the Insured.
The third policy was acquired shortly before the insured's twentieth birthday and contained the following language:
All rights provided in the "RIGHTS (OWNERSHIP) UNDER POLICY" Section of this endorsement belong exclusively to the following: (a) before the Insured's 21st birthday, to mother, Susan M., if living, if not, to father, Claude E. Sr., if living; (b) on and after such birthday or after the earlier death of the survivor of said mother and said father, to the Insured.
The beneficiary of these policies was in each instance named as follows: "1st Susan M. Fowlermother if living, if not 2nd Claude Fowler, Sr.father."
The language contained in the first policy referencing rights in the "employer" raises the inference that at least the first policy was procured in connection with the insured's employment with McNeely; however, there was no reference to the "employer" in the subsequent policies though they were issued by the same insurance company. Although Mr. Fowler argues in brief to the court that the policies were purchased with community funds, there is no evidence on this point in the record. Mr. Fowler also refers in brief to a "stipulation" of the parties on this point, but again, no stipulation on this issue appears in the record before us on appeal.
There is a significant undisputed fact that the proceeds of the policies subsequent to their receipt on or about May 1, 1990 were deposited in a Prudential annuity and thereafter in a Merrill Lynch account in the name of Susan M. Fowler, alone. Thus, for approximately eight years of marriage the insurance proceeds were kept separate in Mrs. Fowler's name and were not commingled.
We can conclude that there is evidence in the record that afforded the trial court a reasonable factual basis for finding that the insurance proceeds were the separate property of Mrs. Fowler.
A corollary line of reasoning is that life insurance contracts are sui generis. There is a clear distinction between classification of a policy and the classification of the proceeds of the policy received by a name beneficiary. The policy itself may be separate or community depending on when it was acquired or the classification of funds with which it was acquired. The proceeds of a policy paid upon the death of the insured go to the beneficiary of the policy without regard to community *665 property concerns. They are separate funds.
This does not do violence to the community property regime. It is not against public policy and can serve a valid social purpose. The status of this law as sui generis can be said to simply afford a rebuttal to the general presumption of community.

CONCLUSION
In the instant case the judgment of the trial court that the proceeds of the insurance policies are the separate property of the named beneficiary Mrs. Fowler is supported in fact and law. There are ample expressions of legal principles in Standard Life Insurance Co. of the South v. Franks and Berry v. Metropolitan Life Insurance Co. to move away from the 1956 holding in Thigpen v. Thigpen.
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Mr. Fowler.
AFFIRMED.
FOGG, J., dissents and assigns reasons.
FOGG, J., dissenting.
For the following reasons, I respectfully dissent. The cases relied on by the majority are not dispositive of the issue raised herein. Rather, Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12 (1956) is the only case that is squarely on point. In Thigpen, the husband acquired an insurance policy on the life of his son by a prior marriage. The policy was issued during the marital community of the second marriage. The son died and the insurance proceeds were paid. The Louisiana Supreme Court held that, since the policy was issued during the existence of the community of the second marriage and the proceeds were paid during the existence of the community of the second marriage, the proceeds of the policy were part of the community property of the second marriage. The Thigpen case has not been overruled, and no subsequent jurisprudence is on point factually with the instant case. Therefore, Thigpen is controlling and dictates that the insurance proceeds herein are community property. The trial court erred in concluding that the proceeds were the separate property of Susan M. Fowler. I would reverse the judgment of the trial court and render judgment in favor of Claude Ed Fowler, declaring the proceeds of the insurance policies to be community property.
NOTES
[1] Hon. William F. Kline Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The first policy issued in 1986 gave rights to his employer.