STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1442

R. ALAN KITE

VERSUS

JEFFREY D. KITE AND
TRANSAMERICA OCCIDENTAL
LIFE INSURANCE COMPANY

**********
APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT,
PARISH OF BEAUREGARD, NO. C-2010-0522
HONORABLE H. WARD FONTENOT, JUDGE AD HOC

**********

**J. DAVID PAINTER
JUDGE**

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

**REVERSED AND REMANDED.**

Genovese, J., dissents and assigns written reasons.

**Phillip W. DeVilbiss**
**Scofield, Gerard, Singletary & Pohorelsky**
**901 Lakeshore Drive, Suite 900**
**Lake Charles, LA 70601**
**(337) 433-9436**
**Counsel for Defendant/Appellee:**
    **Jeffrey D. Kite**

**Richard E. McCormack**
**Irwin Fritchie Urquhart & Moore LLC**
**400 Poydras Street, Suite 2700**
**New Orleans, LA 70130**
**(540) 310-2100**
**Counsel for Defendant/Appellee:**
    **Transamerica Occidental Life Insurance Company**

**Kenneth Michael Wright**
**203 W. Clarence Street**
**Lake Charles, LA 70601**
**(337) 439-6930**
**Counsel for Plaintiff/Appellant:**
    **R. Alan Kite**

**PAINTER, Judge.**

Plaintiff, R. Alan Kite (Alan), filed this suit to partition a life insurance policy issued by Transamerica Occidental Life Insurance Company (Transamerica) that he co-owned with his brother, Jeffrey D. Kite (Jeffrey). The trial court granted Jeffrey's exception of no cause of action and dismissed Alan's petition with prejudice. For the following reasons, we reverse and remand for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 22, 1987, Transamerica Occidental Life Insurance Company issued a universal life insurance policy to Robert J. Kite. The face value of the policy is $250,000.00. Robert is the father of both Plaintiff, Alan, and Defendant, Jeffrey. When Robert divorced Peggy Kite, the mother of Alan and Jeffrey, he was ordered to continue the policy in full force and effect, and Peggy was designated as the owner and beneficiary of the policy. Sometime thereafter, Alan and Jeffrey were designated as the owners and beneficiaries of the policy. Since it is a universal life insurance policy, like a whole life policy, it now has a significant cash value.

The brothers apparently reached a point of disagreement, and Alan filed a petition to partition which stated that he no longer wished to be a co-owner of the policy with Jeffrey. Alan sought a partition in kind or, in the alternative, if the policy could not be partitioned in kind without a diminution in value, a termination of the policy with a division of the value between the co-owners. In response to the petition, Jeffrey filed numerous exceptions including ambiguity, no right of action, no cause of action for partition, no cause of action for attorney's fees, failure to join an indispensable party (Robert), improper venue, and lis pendens. The trial court granted the exception of no cause of action, dismissed the petition with prejudice, and denied leave to amend the petition. In his oral reasons for ruling, the trial court stated that "the total provisions for the partition of property do not apply to a life insurance policy." The other exceptions were not ruled upon. This appeal followed.

1

**DISCUSSION**

In *Fink v. Bryant*, 01-0987, pp. 3-4 (La.11/28/01), 801 So.2d 346, 348-49 (citations omitted), our supreme court stated:

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether [the] plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true.

In *Dauzart v. Financial Indemnity Insurance Co.*, 10-28, p. 4 (La.App. 3 Cir. 6/2/10), 39 So.3d 802, 805, we noted:

> With regard to the granting of the exception of no cause of action, in articulating the standard of review which governs our consideration of this, the supreme court explained: "the appellate court and this Court should subject the case to de novo review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition." *Fink v. Bryant*, 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349.

Defendants, Jeffrey and Transamerica, argue that Louisiana law simply does not allow for the partition of a life insurance policy, which is *sui generis* and governed by a specialized body of law and public policies. They base their argument on La. R.S.22:912(E) which provides that "[n]o person shall be compelled to exercise any rights, powers, options, or privileges under [a life insurance] policy. . ." Alan, on the other hand, argues that alleging co-ownership and requesting a partition clearly states a cause of action and that La.Civ.Code art. 807 provides that "[n]o one may be compelled to hold a thing in indivision with another unless the contrary has been provided by law or juridical act" and further that "[a]ny co-owner has a right to demand partition of a thing held in indivision."

The issue is whether a life insurance policy is property subject to partition. We find nothing in the insurance code preventing such an action. Jeffrey and Transamerica argue that: "any forced partition would compel the owner to cash in the policy against his will, a partition in kind would require an insurer to enter into

contracts it never bargained for, and a partition by licitation would violate public policy by allowing strangers to bid on the right to get paid when the insured dies."

The insurance policy is attached to and made a part of the petition in the present case. Therefore, it is proper for us to consider the policy provisions in our determination as to whether a cause of action exists. The insurance policy at issue herein contains a partial surrender provision. There is nothing to prevent Alan from surrendering his fifty percent ownership in the policy and receiving half of the accumulated value, leaving the balance for Jeffrey. The policy provides that there is no surrender penalty after fifteen policy years, and we note that policy has been in effect well over fifteen years. This would not force Jeffrey to take any action and, therefore, would not violate La. R.S.22:912(E).

We therefore reverse the trial court's grant of the exception of no cause action. We make no determination as to the validity of the other exceptions raised by Jeffrey as those are not before us on this appeal.

**DECREE**

For all of the foregoing reasons, we reverse the trial court's grant of Jeffrey D. Kite's exception of no cause of action and remand the matter for further proceedings consistent with this opinion. All costs of the appeal are assessed to Defendant/Appellee, Jeffrey D. Kite.

**REVERSED AND REMANDED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

10-1442

R. ALAN KITE

VERSUS

JEFFREY D. KITE AND
TRANSAMERICA OCCIDENTAL
LIFE INSURANCE COMPANY

**GENOVESE, J., dissenting**.

This matter presents the legal issue of whether there exists a cause of action for a co-owner of a life insurance policy to partition the policy. The trial court reasoned that "the total provisions for the partition of property do not apply to a life insurance policy" and granted the exception of no cause of action. The majority disagrees, reverses, and remands the matter for further proceedings. I must respectfully disagree.

Life insurance policies are *sui generis*; thus, they are governed by the particular provisions of the Louisiana Insurance Code as opposed to the general provisions of the Louisiana Civil Code. *Fowler v. Fowler*, 03-590 (La. 12/12/03), 861 So.2d 181; *Talbot v. Talbot*, 03-814 (La. 12/12/03), 864 So.2d 590. The majority opines that it "find[s] nothing in the insurance code preventing such an action" for partition. However, in my view, La.R.S. 22:912(E), which provides that "[n]o person shall be compelled to exercise any rights, powers, options, or privileges under any [life insurance] policy" precludes an action for partition of an insurance policy. I would, therefore, affirm the trial court's grant of the exception of no cause of action. For this reason, I respectfully disagree with the majority opinion and dissent therefrom.