GENOVESE, J.,
dissenting.
|4This matter presents the legal issue of whether there exists a cause of action for a co-owner of a life insurance policy to partition the policy. The trial court reasoned that “the total provisions for the partition *316 of property do not apply to a life insurance policy” and granted the exception of no cause of action. The majority disagrees, reverses, and remands the matter for further proceedings. I must respectfully disagree.
Life insurance policies are sui generis; thus, they are governed by the particular provisions of the Louisiana Insurance Code as opposed to the general provisions of the Louisiana Civil Code. Fowler v. Fowler, 03-590 (La.12/12/03), 861 So.2d 181; Talbot v. Talbot, 03-814 (La.12/12/03), 864 So.2d 590. The majority opines that it “find[s] nothing in the insurance code preventing such an action” for partition. However, in my view, La.R.S. 22:912(E), which provides that “[n]o person shall be compelled to exercise any rights, powers, options, or privileges under any [life insurance] policy” precludes an action for partition of an insurance policy. I would, therefore, affirm the trial court’s grant of the exception of no cause of action. For this reason, I respectfully disagree with the majority opinion and dissent therefrom.