MOORE, J.
*1001 Connie Gonzalez Cox Shaffer seeks supervisory review of a judgment that denied her motion for summary judgment seeking to obtain the life insurance proceeds of a policy covering her ex-husband, Hillie Patrick Cox Jr. For the reasons expressed, we grant the writ, make it peremptory, and render summary judgment in favor of Connie Shaffer.
FACTS
Hillie Patrick Cox took out a whole-life insurance policy with Southern Farm Bureau, for the face amount of $12,000, in 1989. His insurance application, dated March 27, 1989, listed the primary beneficiary as "Ruby G. Cox (Mother)." On August 21, 1992, he executed a change of beneficiary form to list the beneficiary as "Connie Gonzales Cox (wife)."[1] Hillie and Connie obtained a judgment of divorce on August 23, 1999, in the Third JDC; however, according to Southern Farm Bureau, Hillie never executed another change of beneficiary form. Hillie died on September 22, 2013.
PROCEDURAL HISTORY
Southern Farm Bureau filed this petition for concursus, in the Second JDC, in April 2014. In addition to the facts outlined above, it alleged that a judgment of possession in the Second JDC had awarded Ruby Cox, Hillie's mother, usufruct over the entire estate and recognized his sister, Debra Cox Diffey, as the sole surviving heir. As a result of this judgment, Ruby and Debra had presented claims for the insurance proceeds, while Connie, the named beneficiary, had made "demands" for the proceeds.
Ruby and Debra answered admitting all the basic allegations but asserting that after Hillie and Connie's divorce, in 1999, their "relations were openly hostile." In fact, it was "obvious to any and all who knew" the couple that Hillie did not intend for Connie to remain on the policy as beneficiary; in fact, they alleged, he "thought" that Connie was not the beneficiary. They demanded that the proceeds go to Hillie's estate.
Connie, who has moved to Texas, initially filed a pro se answer asserting that she was the beneficiary and thus entitled to the proceeds.
After hiring counsel, Connie filed a motion for summary judgment, in May 2017, asserting that as the named beneficiary, she was entitled to the proceeds, under La. R.S. 22:912 A(1). She disagreed with the assertion in Southern Farm Bureau's petition that the judgment of possession gave Ruby usufruct over the policy: life insurance proceeds are nonprobate, and not part of the decedent's estate, as recognized in American Health & Life Ins. Co. v. Binford , 511 So.2d 1250 (La. App. 2 Cir. 1987). In support, Connie attached a copy of the policy, with the application and 1992 change of beneficiary form, and a copy of the petition.
*1002 Ruby and Debra opposed the motion. They asserted that after the divorce, Hillie told Ruby (and many other people) that the insurance proceeds would be paid to her (Ruby); and to give Connie the proceeds would be an "absurd result." They disputed Southern Farm Bureau's allegation that Hillie never executed another change of beneficiary form (however, they did not produce one). They argued that when a policy names a "wife" as beneficiary, the court must look to the intent of the insured to determine the beneficiary, Continental Bank & Trust Co. v. Sovereign Camp, W.O.W. , 169 La. 989, 126 So. 502 (1930). In support, they attached copies of the divorce judgment and judgment of possession, and the affidavits of Debra, Ruby, and of a cousin, Rita Ledbetter. The affidavits, which are essentially identical, all state that there were "bad feelings" between Hillie and Connie after the divorce, they had no further association with each other, Hillie said Connie was talking to people about getting him killed, and Hillie told them (the affiants) that the proceeds were going to Ruby, to cover his funeral expenses.
ACTION OF THE DISTRICT COURT
After a hearing in July 2017, the district court stated that the 14-year gap between the divorce and the insured's death "concerned" the court; despite the "clear words" of the contract, awarding the proceeds to Connie could "possibly lead to an absurd result." The court denied the motion for summary judgment.
Connie took the instant writ application. Pursuant to La. Const. Art. V, § 8 (B), the matter was referred to a five-judge panel, and pursuant to La. C. C. P. art. 966 H, it was placed on this court's argument docket.
APPLICABLE LAW
The motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Bank of New York Mellon v. Smith , 2015-0530 (La. 10/14/15), 180 So.3d 1238, and citations therein; Chanler v. Jamestown Ins. Co. , 51,320 (La. App. 2 Cir. 5/17/17), 223 So.3d 614, writ denied , 2017-01251 (La. 10/27/17), 228 So.3d 1230. A motion for summary judgment will be granted "if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C. C. P. art. 966 A(3). Appellate courts review motions for summary judgment de novo, using the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Larson v. XYZ Ins. Co. , 2016-0745 (La. 5/3/17), 226 So.3d 412, and citations therein.
The interpretation of an insurance policy ordinarily involves a legal question that can be properly resolved on motion for summary judgment. Bernard v. Ellis , 2011-2377 (La. 7/2/12), 111 So.3d 995, and citations therein; Bilyeu v. National Union Fire Ins. Co. , 50,049 (La. App. 2 Cir. 9/30/15), 184 So.3d 69, 60 Employee Ben. Cas. 2977, writ denied , 2015-2277 (La. 2/19/16), 187 So.3d 462. An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set out in the Civil Code. Arceneaux v. Amstar Corp. , 2015-0588 (La. 9/7/16), 200 So.3d 277, and citations therein. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046 ; Arceneaux v. Amstar Corp. , supra . Only if the policy cannot be construed simply, *1003 based on its language, because of an ambiguity, will the court look to extrinsic evidence to determine the parties' intent. Doerr v. Mobil Oil Corp. , 2000-0947 (La. 12/19/00), 774 So.2d 119 ; Bilyeu v. National Union , supra .
The lawful beneficiary of a life insurance policy "shall be entitled to the proceeds and avails of the policy against the creditors and representatives of the insured[.]" La. R.S. 22:912 A(1). When the insured names a beneficiary, the proceeds of the policy do not form any part of the insured's estate at his death. Fowler v. Fowler , 2003-0590 (La. 12/12/03), 861 So.2d 181, and citations therein; Norsworthy v. Succession of Norsworthy , 30,010 (La. App. 2 Cir. 12/12/97), 704 So.2d 953. When the policy unambiguously names a beneficiary, the court may not inquire into whether the insured "desired" to change the beneficiary. Fowler v. Fowler , supra ; Standard Life Ins. Co. of S. v. Franks , 278 So.2d 112 (La. 1973). The inclusion of the word "wife" after the beneficiary's name designates that person's relationship at the time of the execution of the policy. American Health & Life Ins. Co. v. Binford , supra ; Sieferman v. State Farm Mut. Auto. Ins. Co. , 2001-0439 (La. App. 3 Cir. 10/3/01), 796 So.2d 833.
DISCUSSION
By her sole assignment of error, Connie urges the district court erred in denying her motion for summary judgment. She contends that the Southern Farm Bureau policy clearly designated her as the beneficiary; under R.S. 22:912 A(1), the lawful beneficiary is entitled to the proceeds of the policy; and the opponents, Ruby and Debra, produced no summary judgment evidence to show that anybody else was the lawful beneficiary. She submits that American Health & Life Ins. Co. v. Binford , supra , is factually and legally apposite, and mandates the grant of summary judgment in her favor. This argument has merit.
We have closely examined the policy. It states, in § 9.1, "The Primary and Contingent Beneficiary are as named in the application, unless changed by the Owner." Further, in § 9.3, "If the right to change the Beneficiary has been reserved, the Owner may change the Beneficiary during the Insured's lifetime by filing written notice to the Company." The application, dated March 27, 1989, contains a line, "Primary Beneficiary," after which is handwritten, "Ruby B. Cox (Mother)." A change of beneficiary form, dated August 21, 1992, instructs Southern Farm Bureau to "change the beneficiary of said policy as follows," after which is handwritten, "Connie Gonzales Cox (wife)." Nobody has offered any evidence that Hillie executed a subsequent change of beneficiary form. These documents, taken together, satisfy the threshold showing that Connie is the lawful beneficiary and entitled to the proceeds of the policy, under R.S. 22:912 A(1).
Of course, if the policy contains an ambiguity, the court may look to extrinsic evidence to determine the parties' intent. Ruby and Debra contend that the change of beneficiary form is ambiguous because it names "Connie Gonzales Cox" when, in fact, Connie's full name is Connie Gonzales Cox Shaffer . The record clearly shows that Connie answered the petition as "Connie Shaffer," moved for summary judgment as "Connie Gonzalez Cox Shaffer," and identified herself as Hillie's former wife. There is no confusion as to her identity, no summary judgment evidence that she went by the name Shaffer in 1992, when Hillie executed the change of beneficiary form, and no suggestion that anybody other than Connie was designated as beneficiary. There is no ambiguity in Hillie's failure to *1004 include his then-wife's later-acquired married name.
They also urge that Hillie's inclusion of "(wife)" after Connie's name "does cause one to stop and think." In support, they cite Continental Bank & Trust Co. v. Sovereign Camp , supra , in which the insured, named E.L. Harper Jr., listed as the beneficiary of a mutual benefit certificate, "Mrs. E.L. Harper, Jr., bearing relation to him of wife." The Supreme Court held that this referred to Harper's surviving spouse, and not to his wife at the time he executed the certificate, who predeceased him.[2] We agree that designating merely "Mrs." or "wife" as beneficiary is ambiguous, but not when accompanied by the person's full name, as happened here. The qualifier "wife" after the beneficiary's full name gives no hint of any intent to make one other than the named person the beneficiary. American Health & Life Ins. Co. v. Binford , supra ; Sieferman v. State Farm , supra . The use of "wife" on the change of beneficiary form did not create ambiguity.
Ruby and Debra also contend the policy itself is ambiguous because § 9.1 says merely that the beneficiary may be "changed by the Owner," while § 9.3 specifies doing so "by filing written notice to the Company." They submit that this apparent contradiction may have led a reasonable person to think any expression of change would be adequate. However, the fact that Hillie executed a written change of beneficiary form, in 1992, refutes any suggestion that he was confused by the policy. Besides, the phrasing of 9.1 and 9.3 is not ambiguous. The mere fact that an insurance policy states general provisions, and then states special provisions that deviate from the general, does not make the policy ambiguous. Bilyeu v. National Union Fire Ins. , supra , and citations therein.
Finally, Ruby and Debra urge that applying the policy as written would lead to an absurd consequence, contrary to La. C.C. art. 2046, and defeat the principle of equity, La. C.C. art. 9. Citing the affidavits, they show that after the divorce, Hillie had nothing more to do with Connie; for the final 14 years of his life, he lived next door to, or with, his mother, who cared for him constantly through his final illness; and he told several people that the insurance would be paid to his mother. The Civil Code does not define the concept "absurd consequences," but the jurisprudence makes clear that just because a contract is a bad deal for someone is not grounds for undermining its terms. Gibbs Const. Co. v. Thomas , 500 So.2d 764 (La. 1987) ; Stroope v. Smith , 51,685 (La. App. 2 Cir. 5/18/16), 199 So.3d 612, 2016 IER Cas. 157,700. We perceive nothing inherently absurd about leaving a former spouse on an insurance policy. Despite the district court's reservations, the fact that Hillie went 14 years without changing the beneficiary could equally well prove that he intended to leave Connie on the policy. Ruby and Debra's argument lacks merit.
In essence, this case is apposite with American Health & Life Ins. Co. v. Binford , supra , and Sieferman v. State Farm , supra . The insured named his wife as beneficiary of an insurance policy; the couple later divorced; and the insured took no action to change beneficiary. The policy, application, and change of beneficiary form are free of ambiguity. The extrinsic evidence is simply irrelevant. There is no genuine issue of material fact, and Connie *1005 is entitled to the proceeds as a matter of law.
CONCLUSION
For the reasons expressed, the writ is granted and made peremptory. The district court's ruling is reversed, and summary judgment is entered in favor of Connie Gonzalez Cox Shaffer, awarding her the proceeds of the Southern Farm Bureau policy. All costs are to be paid by the respondents, Ruby Sanders Cox and Debra Cox Diffey.
WRIT GRANTED AND MADE PEREMPTORY; SUMMARY JUDGMENT RENDERED IN FAVOR OF THE APPLICANT, CONNIE GONZALEZ COX SHAFFER.
BROWN, C.J., dissents.
I respectfully disagree with the majority opinion. The ex-wife moved for summary judgment in the trial court. The trial court stated, "[f]ourteen years (the period from divorce to death) concerns the Court enough that this may possibly lead to an absurd result ..." The trial court found that defendants have presented sufficient facts for the court to conclude that, "at least for summary dismissal the motion should not be granted, and we need to have this tried fully on that issue." I agree with the common sense approach of the trial court and its cogent understanding of the applicable law.
La. C.C. art 2046 provides, "When the words of a contract are clear and explicit and lead to no absurd consequences , no further interpretation may be made in search of the parties' intent. La. C.C. art. 9 states, "When a law is clear and unambiguous and its application does not lead to absurd consequences , the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. (Emphasis added).
It is well-settled that a statute may not be construed so broadly that it defeats the purpose for which it was enacted or lead to absurd consequences. Shelton v. Pavon , 16-0758 (La. App. 4 Cir. 2/15/17), 212 So.3d 603, writ granted , 17-0482 (La. 4/24/17), 219 So.3d 328, affirmed , 17-0482 (La. 10/18/17), 236 So.3d 1233. In McLane Southern, Inc. v. Bridges , 11-1141 (La. 1/24/12), 84 So.3d 479, 484-5, the supreme court observed:
Other fundamental rules of statutory construction lead to the same result. ... In order for a court to find a literal application results in "absurd consequences," "there must be a determination by the court that the specific application at issue arising from the literal wording would, if judicially enforced, produce a factual result so inappropriate as to be deemed outside the 'purpose' of the law." P. Raymond Lamonica and Jerry G. Jones, 20 Louisiana Civil Law Treatise: Legislative Law and Procedure , § 7.4 (2011 ed.). (Emphasis added).
The majority opinion states that that the affidavits filed in opposition to the Motion for Summary Judgment "show that after the divorce, Hillie had nothing more to do with Connie (his ex-wife); for the final 14 years of his life, he lived next door to, or with, his mother, who cared for him constantly through his final illness; and, he told several people that the insurance would be paid to his mother."
The two cases cited by the majority in support for its opinion, American Health & Life Ins. Co ., supra, and Sieferman , supra, are factually different from the present case, and, significantly, involved trials, not summary judgments.
Further, the majority opinion states that "the fact that Hillie went 14 years without changing the beneficiary, could equally *1006 well prove that he intended to leave (the ex-wife) on the policy." Clearly, a question of fact exists that can only be resolved at trial not by summary judgment.

In the change of beneficiary form and in most of the pleadings, Connie's maiden name is spelled Gonzales , but in her own pleadings it is spelled Gonzalez .

Citing a special provision of the policy, however, the court split the proceeds between Harper's surviving (second) wife and the children of his first marriage, to the predeceased first wife.