# United States Court of Appeals for the Fifth Circuit

---

No. 23-30513

---

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2023

Lyle W. Cayce
Clerk

Pruco Life Insurance Company,

*Plaintiff—Appellee*,

*versus*

Eugene Francis Dwyer, *as Independent Co-Administrator of* the Succession of Matthew David Dwyer; Ryan Martin Dwyer, *as Independent Co-Administrator of* the Succession of Matthew David Dwyer,

*Defendants—Appellants*,

*versus*

Sarah R. Robert,

*Defendant—Appellee.*

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-87

---

No. 23-30513

Before Jolly, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

This appeal presents a dispute over the proceeds of a life insurance policy. The case was decided on summary judgment—the district court awarded the proceeds to the policy's beneficiary, the decedent's ex-fiancée. The decedent's estate is not happy. The estate contends that the decedent had earmarked the proceeds for other purposes. For the following reasons, we AFFIRM the judgment of the district court.

I.

In September 2017, Matthew Dwyer bought a $750,000.00 life insurance policy from Pruco Life Insurance Company. He listed his then-fiancée Sarah Robert as the policy's primary and sole beneficiary. Dwyer and Robert ultimately broke their engagement; Robert, however, remained the policy beneficiary at the time of Dwyer's death on June 26, 2020.

Because Dwyer's estate and Robert both claimed the life insurance proceeds, Pruco filed this interpleader suit to determine the correct recipient. On May 2, 2023, Robert moved for summary judgment on her claim. The district court granted her summary judgment, finding that she is the legal beneficiary of the proceeds. Dwyer's estate appeals.

II.

Summary judgment is proper when "there is no genuine dispute as to any material fact." Fed R. Civ. P. 56(a). The Fifth Circuit reviews the district court's grant of summary judgment de novo. *Clift v. Clift*, 210 F.3d 268, at 269–70 (5th Cir. 2000).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30513

III.

On appeal, Dwyer's estate argues that the district court erred because: (1) the absurd consequences of enforcing the insurance contact as written permitted the review of parol evidence; (2) Dwyer intended for the life insurance proceeds to support Dwyer's family restaurant, not Robert; and, alternatively, (3) the designating Robert as Dwyer's beneficiary was a gift given in contemplation of a marriage that did not occur.

In Louisiana, a life insurance policy is sui generis, which means that insurance proceeds exist outside "the civilian principles enunciated by [Louisiana's] Civil Code." *Fowler v. Fowler*, 861 So. 2d 181, 183 (La. 2003). "Thus, insurance proceeds are protected from the heirs and legatees of the insured, creditors of the insured, claims for collation, actions for reduction, and form of donations inter vivos." *Id.* (collected cases omitted). When made payable to a named beneficiary other than the decedent's estate, the proceeds "are not considered to be a part of the estate of the [decedent]." *T.L. James & Co. v. Montgomery*, 332 So.2d 834, 847 (La. 1975). As such, Louisiana courts turn to the insurance policies themselves and relevant portions of the Insurance Code to adjudicate policy disputes. *Fowler*, 861 So. 2d at 185.

If an insurance policy is clear, unambiguous, and does not lead to absurd consequences, it will be enforced as written without further investigation of the parties' intent. *Doerr v. Mobil Oil Corp.*, 774 So. 2d 119, 124 (La. 2000); LA. CIV. CODE art. 2046. Additionally, listing the present relationship between the policy holder and the beneficiary after that beneficiary's name in the policy does not hint "any intent to make one other than the named person the beneficiary." *S. Farm Bureau Life Ins. Co. v. Cox*, 247 So. 3d 999, 1004 (La. Ct. App. 2018), writ denied, 252 So. 3d 486 (La. 2018). Further, absurdity is a high bar; executing an insurance policy as it is written is not absurd, even if doing so benefits a former romantic partner. *Id.*;

No. 23-30513

*see also* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 234-39 (2012).

Here, in the insurance contract, Dwyer named Robert, his then-fiancée, as the primary and sole beneficiary of his life insurance proceeds. The agreement is clear and unambiguous. *Doerr*, 774 So. 2d at 124. Enforcing the policy as written, although to the benefit of his former fiancée, will not lead to absurd results: it will simply execute the contract as written. *Cox*, 247 So. 3d at 1004. Further, Dwyer listing Robert as his fiancée in the policy merely identified their relationship at the time of the policy's execution. *Id.* The district court, therefore, correctly limited its interpretation to the policy itself instead of unnecessarily reviewing extraneous evidence regarding Dwyer's intent. LA. CIV. CODE art. 2046. Additionally, because insurance proceeds are not subject to the laws of donation inter vivos, the proceeds did not serve as a gift made in contemplation of marriage. *Fowler*, 861 So. 2d at 184. As such, the judgment of district court is properly affirmed.

IV.

For the foregoing reason, the judgment of the district court is, therefore,

AFFIRMED.

4