# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-287

**NOEL W. YATES**

**VERSUS**

**LISA J. YATES**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 98,623
HONORABLE C. ANTHONY EAVES, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## CANDYCE G. PERRET
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Candyce G. Perret, Jonathan W. Perry, and Sharon Darville Wilson, Judges.

**REVERSED, IN PART; AFFIRMED, IN PART;
AND RENDERED.**

**E. Grey Burnes Talley**
**Post Office Box 3187**
**Pineville, LA   71360**
**(318) 442-5231**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Lisa J. Yates**

**Elvin Clemence Fontenot, Jr.**
**110 East Texas Street**
**Leesville, LA   71446**
**(337) 239-2684**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Noel W. Yates**

**PERRET, Judge.**

This community property partition returns to this court following the trial court's judgment post-remand. On appeal, Appellant, Lisa J. Yates, asserts the judgment contains numerous errors and fails to follow the directive from this court. After review, we agree.

**FACTUAL AND PROCEDURAL BACKGROUND:**

This court's prior opinion, *Yates v. Yates*, 22-741 (La.App. 3 Cir. 11/2/23), 375 So.3d 548, sets forth the facts and procedural background of this case in more detail. However, we will briefly reiterate several facts. Appellant, Lisa J. Yates, ("Lisa") and Appellee, Noel W. Yates, ("Noel") married in June 1989. The parties separated in July 2019, and filed for divorce on February 27, 2020, pursuant to La.Civ.Code art. 102. Noel sought to have their property separated on February 24, 2021. A judgment of divorce was granted on June 23, 2021, terminating the community property retroactive to February 27, 2020. Noel then filed a petition to partition community property. The hearing on the partition was held on May 24, 2022, and an oral ruling was provided at a hearing on June 1, 2022. A judgment of partition was signed on July 13, 2022.

Lisa appealed, assigning twelve assignments of error, most regarding specific reimbursement claims awarded to Noel. After a thorough review, this court affirmed as amended, reversed in part, and remanded the suit for proceedings consistent with the opinion as follows:

> We affirm the trial court's rulings relating to Lisa's MidAmerica retirement plan; the home appraisal value of $590,000.00; the reimbursement award to Lisa for insurance premium payments in the amount of $9,224.26; the reimbursement award to Lisa for the Montana tractor in the amount of $4,500.00; the award of $77.00 in reimbursement to Noel for transcript costs; the award of $250.00 in reimbursement for the appraisal fee; the reimbursement award of

$12,920.08 to Noel for health, vision, and dental insurance payments; the reimbursement award to Noel for $7,795.00 [sic][1] in mortgage payments; and the reimbursement to Noel of $41,400.00 for rental reimbursement.

We find the trial court manifestly erred in the following awards and amend as follows: the reimbursement award to Lisa for car loan payments is amended to $17,550.62; for credit card payments to $8,376.00; the award to Noel for property taxes is amended to $429.67; the award to Noel for "deposits into joint account" to $27,000.00.

We find no manifest error in the trial court's ruling relating to the Schamerhorn debt but order the trial court to amend the judgment to reflect same.

We amend the trial court's ruling to reflect that Lisa is entitled to one half of the community funds existing in the former joint accounts at the time of termination, in the amount of $2,442.63.

We reverse the reimbursement award of $2,030.02 for payments on children's "insurance premiums," and the award for "Yates estate" in the amount of $39,262.38. This case is remanded for proceedings consistent with this opinion. Costs of this appeal are assessed equally between the parties, Noel W. Yates and Lisa J. Yates.

*Yates*, 375 So.3d at 585. Despite this court's efforts to reconcile the math between the judgment and the partition hearing, a remand was ultimately necessary. This court specified that the parties were to "recalculate assets, liabilities, and reimbursements with attention given to halving as required by law, taking into consideration the findings above and with the input of both Lisa and Noel's counsel." *Id.*[2]

---

[1] The mortgage reimbursement award provided by the trial court was $7,975.00. This amount was affirmed on appeal, but incorrectly stated in the court's conclusion. In its review, this court stated: "[W]e find the trial court did not manifestly err in awarding Noel $7,975.00 in reimbursement for mortgage payments. Noel is entitled to one-half of the payments of $7,795.00." *Yates*, 375 So.3d at 572. After confirming the evidence and prior judgment, we use $7,975.00 in the calculations herein.

[2] Lisa had asserted, at the time, that the judgment was prepared without her input by Noel's counsel.

Following this court's remand, Lisa filed a Motion for Amended Judgment on Remand, requesting a contradictory hearing to address the matter. A hearing was set for February 22, 2024, wherein the parties requested time to prepare a judgment incorporating the changes by the third circuit.

Both parties submitted a judgment to the trial court. Lisa's was denied on March 12, 2024, with a notation that it failed to "comply with [the] Ruling of Court and Third Circuit Ruling. Court wants to only deal with issues remanded by Third Circuit Ruling. All other matters are final unless taken by Appeal or Writ to Supreme Court." Noel's Judgment on Remand, on the other hand, was accepted and signed by the trial court on March 20, 2024. Thereafter, Lisa appealed both the denial of her Partition Judgment on Remand and the signed Judgment on Remand.

On appeal Lisa asserts eight assignments of error as follows:

### ASSIGNMENTS OF ERROR NO. 1 and 2:

It was error for the Trial Court to change allocations in a judgment over which it has no such jurisdiction. It was legal error for the Trial Court to leave the matrimonial domicile undivided.

### ASSIGNMENTS OF ERROR NO. 3:

It was error for the Trial Court to sign a judgment with internal inconsistencies and factual and math errors.

### ASSIGNMENTS OF ERROR NO. 4 and 5:

It was error for the Trial Court to change assignment of a community debt in a judgment over which it has no such jurisdiction. It was error for the Trial Court to assign a community debt equally to the parties.

### ASSIGNMENTS OF ERROR NO. 6:

It was error for the Trial Court to award some of the reimbursements at full, rather than one-half the value of the costs paid.

## ASSIGNMENTS OF ERROR NO. 7:

It was error for the Trial Court to sign the judgment on remand which deals with some matters only, leaving condition about ownership and obligations.

## ASSIGNMENTS OF ERROR NO. 8:

It was error for the Trial Court to *not* provide security for a huge equalizing payment.

## DISCUSSION:

As previously noted in *Yates*, 375 So.3d at 557 (alterations in original):

> Appellate review of a trial court's factual determinations relating to the partition of community property is as follows:
>
> > The trial court's findings of fact are subject to the manifest error/clearly wrong standard of review. *David* [*v. David*, 12-1051, (La.App. 3 Cir. 4/10/13)], 117 So.3d 148, [*writ denied*, 13–1541 (La. 10/4/13), 122 So.3d 1023]. However, the trial court is accorded broad discretion in resolving community property disputes. *Williams v. Williams*, 07-541 (La.App. 3 Cir. 10/31/07), 968 So.2d 1234.
>
> *Keenan v. Keenan*, 15-828 p. 5 (La.App. 3 Cir. 2/3/16), 186 So.3d 289, 295–96, *writ denied*, 16-418 (La. 4/15/16), 191 So.3d 590. Legal errors are always reviewed de novo. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

In partitioning community property, the trial court is governed by La.R.S. 9:2801. The portion reproduced below guides the court in partitioning the community assets and liabilities:

> (a) The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties.
>
> (b) The court shall divide the community assets and liabilities so that each spouse receives property of an equal net value.
>
> (c) The court shall allocate or assign to the respective spouses all of the community assets and liabilities. In allocating assets and liabilities, the court may divide a particular asset or liability equally or unequally or may allocate it in its entirety to one of the spouses. The court shall consider the nature and source of the asset or liability, the

4

economic condition of each spouse, and any other circumstances that the court deems relevant. As between the spouses, the allocation of a liability to a spouse obligates that spouse to extinguish that liability. The allocation in no way affects the rights of creditors.

(d) **In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, either cash or deferred, secured or unsecured**, upon such terms and conditions as the court shall direct. The court may order the execution of notes, mortgages, or other documents as it deems necessary, or may impose a mortgage or lien on either community or separate property, movable or immovable, as security.

(e) In the event that the allocation of an asset, in whole or in part, would be inequitable to a party, the court may order the parties to draw lots for the asset or may order the private sale of the asset on such terms and conditions as the court deems proper, including the minimum price, the terms of sale, the execution of realtor listing agreements, and the period of time during which the asset shall be offered for private sale.

(f) Only in the event that an asset cannot be allocated to a party, assigned by the drawing of lots, or sold at private sale, shall the court order a partition thereof by licitation. The court may fix the minimum bids and other terms and conditions upon which the property is offered at public sale. In the event of a partition by licitation, the court shall expressly state the reasons why the asset cannot be allocated, assigned by the drawing of lots, or sold at private sale.

La.R.S. 9:2801(4) (emphasis added). The parties are also permitted to seek reimbursement during the partition pursuant to La.Civ.Code art. 2365 (emphasis added):

If separate property of a spouse has been used either during the existence of the community property regime or thereafter to satisfy a community obligation, that spouse is entitled to reimbursement for one-half of the amount or value that the property had at the time it was used.

If the community obligation was incurred to acquire ownership or use of a community corporeal movable required by law to be registered, and **separate property of a spouse has been used after termination to satisfy that obligation, the reimbursement claim shall be reduced in proportion to the value of the claimant's use after termination of the community property regime. The value of that use and the amount of the claim for reimbursement accrued during the use are presumed to be equal.**

5

The liability of a spouse who owes reimbursement is limited to the value of his share of all community property after deduction of all community obligations. Nevertheless, if the community obligation was incurred for the ordinary and customary expenses of the marriage, or for the support, maintenance, or education of children of either spouse in keeping with the economic condition of the spouses, the spouse is entitled to reimbursement from the other spouse regardless of the value of that spouse's share of all community property.

The trial court's original factual determinations regarding the assets, liabilities, and reimbursements due to the parties were reviewed by this court in *Yates*, 375 So.3d 548. The trial court was instructed to amend several numbers, delete some reimbursements awarded, recalculate the reimbursements owed, and, ultimately, recalculate the equalizing payment awarded. Upon reviewing this court's prior opinion and the judgment now on appeal, it is clear this court's directive was not followed on remand. Multiple errors in the Judgment on Remand are apparent and are assigned as errors by Lisa.

## *Assignment of the matrimonial domicile and mortgage:*

Lisa's assignments of error numbers one, two, four, and five allege that it was error for the trial court to change the original allocation of the matrimonial domicile and associated mortgage in the Judgment on Remand.

The assignment of the matrimonial domicile, an asset, to Noel, was not altered on appeal. Instead, the $590,000.00 value was affirmed. The corresponding $198,203.00 mortgage, a community debt, was also assigned to Noel and not altered on appeal. Specifically, the July 13, 2022 Judgment stated:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that NOEL W. YATES shall be awarded ownership of the matrimonial domicile and all structures on property of the property located at 212 Hwy. 121, Leesville, Louisiana, valued at $590,000.00, to be refinanced or the current mortgage modified to remove LISA J. YATES' name from the debt thereon and NOEL W. YATES shall be solely responsible for the debt thereon, valued at $198,203.00, leaving equity in the amount of $391,797.00, and in exchange, LISA J. YATES shall sign any

6

documents necessary to transfer her interest in the home to NOEL W. YATES.

However, the Judgment on Remand awards both parties this asset and this debt:

> LISA J. Yates was awarded the total of $295,000.00 in immovable assets . . . less one half of the mortgage balance in the amount of $99,101.50. . . . Noel W. Yates was awarded the total of $295,000.00 in immovable assets . . . less one half of the mortgage balance in the amount of $99,101.50[.]

The change of awarding this asset and this liability from Noel to both parties will affect the calculation of the final equalizing payment. *See* La.R.S. 9:2801(4)(d) ("In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, either cash or deferred, secured or unsecured"). As these allocations were not amended on appeal, we find the trial court erred in changing the allocation of both the matrimonial domicile and associated mortgage in the Judgment on Remand. We reverse this portion of the judgment to reflect the language as stated in the July 13, 2022 Judgment.

### *Internal inconsistencies and factual errors:*

We note two inconsistencies in the Judgment on Remand that must be corrected. First, on the first page of the Judgment on Remand Noel is ordered to receive $105,551.75 as reimbursements, but on the second page of the judgment Noel's reimbursements are input as $127,659.13. However, this amount will be amended as further described in this opinion as it is apparent the Judgment on Remand does not give attention to halving according to law.

Second, item 16 under Lisa's reimbursements is input as $17,560.52, but the opinion from this court amended that number to $17,550.62.

Lisa also asserts in her third assignment of error that the Judgment on Remand differs in its calculation of moveables assigned to both parties from the record. We note that those numbers that appear in the Judgment on Remand were the same as those in the July 13, 2022 Judgment reviewed by this court. The items listed in these categories in the July 13, 2022 Judgment were not altered by the court on appeal. The only items this court appears to have examined on appeal were the Barksdale checking and savings accounts, which were determined to have community property funds. This court stated: "[T]he existing community funds prior to the two inheritance deposits were community funds that were not properly allocated between the parties under community assets. Thus, Lisa is entitled to reimbursement for one-half of the community funds existing at the time which amounts to $2,442.63." *Yates*, 375 So.3d at 559 (footnote omitted). This court later stated: "We amend the trial court's ruling to reflect that Lisa is entitled to one half of the community funds existing in the former joint accounts at the time of termination, in the amount of $2,442.63." *Id*. at 585. The Judgment on Remand does not include this amount as an asset to Lisa, but does include this amount as a reimbursement owed to Lisa pursuant to this court's prior opinion. While this court did order the trial court to recalculate the assets, liabilities, and reimbursements, it did not amend or alter the value assessed to the remaining moveables from the July 13, 2022 Judgment. Therefore, we find no error in the total moveables allocated to each party in the Judgment on Remand and the reimbursement awarded to Lisa for the Barksdale community funds.

***Improper calculation of reimbursements:***

In her sixth assignment of error, Lisa asserts that some reimbursements were not properly halved during the trial court's final calculation on remand. In this

8

court's prior opinion, the court ordered the trial court to calculate the reimbursements on remand "with attention given to halving as required by law[.]" *Yates*, 375 So.3d at 585. The concern that existed in the prior appeal still exists following the Judgment on Remand. This court previously noted one problem in trying to reconcile the math was "that Noel requested $65,800.00 in reimbursement but was awarded $158,298.82. . . . Of notable concern is the possibility that the reimbursement claims were not properly halved." *Id*. Despite this court amending some reimbursements to lower amounts, and deleting several claims altogether, Noel's total reimbursements amount to $105,551.75 in the Judgment on Remand despite Noel only requesting $65,800.00 in reimbursements. The problem is particularly evident in Noel's reimbursements where some of the items are halved, such as Items 5 and 6, but the remainder appear to be the full amounts. Additionally, Item 1 under Lisa's reimbursements is halved, but the remainder appear to be left whole. Lisa also asserts that three of her reimbursement items, Items 3, 5, and 6, should not be halved, citing La.Civ.Code arts. 2363 and 2367.3. Thus, it is apparent there still exist issues with halving both Lisa and Noel's reimbursement claims, and the trial court erred in determining the parties' reimbursement claims.

Louisiana Civil Code Article 2365 provides that a spouse who uses separate funds to satisfy community obligations is entitled to a reimbursement of one-half of the amount. However, "if a spouse uses separate property during the existence of the community property regime to satisfy the separate obligation of the other spouse, the spouse whose property was used is entitled to reimbursement for the amount or value the property had at the time it was used." La.Civ.Code art. 2367.3.

In determining the reimbursement amount each party is entitled to, we will half each amount according to law, if applicable, and then add those amounts to

reach a total. We also reiterate this court's prior note that "numerous items of reimbursement were discussed very little at trial and/or little or no documentary evidence was provided[.]" *Yates*, 375 So.3d at 567.

*Noel's reimbursement claims:*

We will address Noel's reimbursement requests first, as most were touched on previously by this court. The Judgment on Remand awards Noel $105,551.75 in reimbursement claims, but, as previously noted, is incorrectly transcribed on the second page of the judgment as $127,659.13.

The trial court awarded Noel $15,500.00 for attorney fees. "An obligation incurred before the date of a judgment of divorce for attorney fees and costs in an action for divorce and in incidental actions is deemed to be a community obligation." La.Civ.Code art. 2362.1.[3] Thus, Noel is entitled to half that amount as a reimbursement, **$7,750.00 for his payment of attorney fees**.

---

[3] We note that Noel's attorney fees are not a document contained in evidence in our record. However, this court previously stated:

> Lisa appealed all of the reimbursement awards except for the $15,500.00 award for attorney fees. . . . However, all of Noel's claims, save the children's insurance premiums, were listed in his Detailed Descriptive List. Regardless of whether documentary or testimonial evidence was presented at trial, Lisa had the opportunity to cross-examine Noel regarding any of the claims he listed in his Detailed Descriptive List, but did not do so. Lisa cannot now claim there was absolutely no proof of certain reimbursement claims when she did not avail herself of the opportunity to cross-examine Noel as to items specifically listed on his Detailed Descriptive List.
>
> Louisiana Revised Statutes 9:2801(A)(1)(a) specifically provides that a party's sworn detailed descriptive list is a judicial determination of the community assets and liabilities when one spouse fails to file their own detailed descriptive list. While that is not the case here since Lisa did file her own and a traversal, the same principle holds true when a party fails to produce any contrary evidence at trial of the spouse's valuation of reimbursement claims.

*Yates*, 375 So.3d at 567. As previously noted, our review of the record indicates that the trial court only halved items 5 and 6 of Noel's reimbursement items and failed to halve the others. Thus, our review indicates that the attorney fees of $15,000.00 should be halved.

10

Noel put in evidence of $7,975.00 in payments to Rocket Mortgage. This amount was reviewed by the court on appeal, wherein it stated: "[W]e find the trial court did not manifestly err in awarding Noel $7,975.00 in reimbursement for mortgage payments. Noel is entitled to **one-half** of the payments of $7,795.00 [sic]." *Id*. at 572 (emphasis added). The Judgment on Remand lists the reimbursement in the amount of $7,975.00. Thus, in calculating Noel's reimbursement, he is entitled to **$3,987.50 for his payments to Rocket Mortgage**.

The trial court awarded Noel reimbursement for his payment of "transcripts" in the amount of $77.00. This court previously reviewed this item and stated, "We are unable to determine from the record how the trial court arrived at $77.00 reimbursement for a transcript. Nevertheless, Noel's Detailed Descriptive List asserts far more than $77.00 in transcript costs." *Id*. at 570–71. As there is no indication of whether this number has been halved, and evidence submitted by Noel is not reflective of $77.00, we take this number as the pre-halved number, as seemed to be the manner in which the July 13, 2022 Judgment listed reimbursement items. Thus, Noel is entitled to **$38.50 in reimbursement for transcripts**.

Noel's Item 4, the Judgment on Remand lists the rental reimbursement in the amount of $41,400.00 due to Noel. However, this court stated: "Noel is entitled to reimbursement for one half of the value of rental reimbursement of $41,400.00." *Id*. at 574 (emphasis added). Thus, one half of the **rental reimbursement equates to $20,700.00**.

The Judgment on Remand awards Noel **$429.67 for the payment of property taxes**. We find no error in that calculation. That amount is one-half of the total property taxes Noel paid, as amended by this court. On appeal, this court found the trial court erred in awarding Noel $2,607.34 for the payment of property taxes in the

11

July 13, 2022 Judgment. That award was amended to $859.34. This court then stated: "Noel is entitled to reimbursement for one-half of $859.34 which equals $429.67." *Yates*, 375 So.3d at 575. The halved number, $429.67, properly appears as Item 5 in the Judgment on Remand.

Regarding the appraisal, the Judgment on Remand awards Noel $250.00. According to our prior opinion, this is the halved amount: "The trial court obviously concluded that Noel paid the $500.00 appraisal fee and was due reimbursement for half. . . . [W]e find no manifest error in the trial court's award of **$250.00 reimbursement to Noel for the payment of the appraisal fee**." *Id*. at 571.

For his payment of health and vision insurance premiums, the Judgment on Remand awards Noel $12,920.08. However, this amount has not been halved pursuant to our prior opinion. On appeal, this court stated: "Noel is entitled to one-half of $12,920.08." *Id*. at 571. Thus, the judgment should award Noel **$6,460.04 in reimbursement for the health and vision insurance premiums**.

Finally, the Judgment on Remand also fails to halve the mortgage payments paid by Noel for which he is due reimbursement. While the Judgment on Remand correctly uses the amended total as ordered by this court ($27,000.00), this court further explained: "Noel is therefore entitled to one-half of that amount in reimbursement, $13,500.00." *Id*. at 584. Thus, Noel is awarded **$13,500.00 for his payments towards the parties' mortgage.**

Therefore, our calculation indicates that Noel is entitled to a total of $53,115.71 in reimbursements. The trial court erred in its award of $105,551.75 in reimbursement claims to Noel.

*Lisa's reimbursement claims:*

As with Noel's reimbursement claims, the Judgment on Remand does not indicate whether Lisa's reimbursements have been halved prior to calculation. The Judgment on Remand awards Lisa $127,659.13 in reimbursement claims. Most of Lisa's reimbursement claims were not reviewed in the prior appeal, but we will make particular note of those that were. Lisa also admits that her reimbursement claims have not been halved in the Judgment on Remand, the exceptions being her claim for the Montana tractor and the reimbursement for funds existing in the former joint accounts, Item 17.

The Montana tractor, an asset allocated to Noel, was established to have a value of $9,000.00, and the July 13, 2022 Judgment awarded Lisa a **$4,500.00 reimbursement claim for the tractor**. This court affirmed that award on appeal. Therefore, this award is already halved.

Item 17, **$2,442.63 for reimbursement for funds** existing in the former joint accounts, already appears halved in the Judgment on Remand and requires no further determination. On appeal, Lisa asserts that this is an asset rather than a reimbursement. However, we note that our prior opinion specifically indicates that Lisa is due a "reimbursement for one-half of the community funds existing at that time which amounts to $2,442.63." *Id*. at 559.

Lisa also asserts that her reimbursement for Items 3, 5, and 6, should be left whole because she is entitled to full reimbursement for the insurance premiums she paid. To this end, she asserts that the policies insure their son, Marshall, and name Noel as the beneficiary (Item 3), or insure Noel and do not name Lisa as the beneficiary (Items 5 and 6). The supreme court in *Fowler v. Fowler*, 03-590, p. 8 (La. 12/12/03), 861 So.2d 181, 186, did not determine any reimbursement claims

13

owed, but concluded that life insurance proceeds "are the separate property of the named beneficiary spouse." In *Fowler*, three life insurance policies on the parties' son were issued during the parties' marriage. The wife was listed as the primary beneficiary of all three policies. The son died during the marriage and the proceeds were paid to the wife, who then deposited same into accounts in her name. Eight years later, the parties divorced, and the community was partitioned via written stipulation. However, the parties reserved for the court the question of whether the insurance proceeds were community or the wife's separate property. The *Fowler* court stated that "the right to life insurance proceeds are sui generis and not governed by the codal principles. Accordingly, life insurance proceeds go to the named beneficiary in accordance with the provisions of the life insurance contract, without regard to community claims[.]" *Id.*

Applying the same to the current case, we agree that Items 5 and 6 are the separate obligation of Noel and do not benefit Lisa; thus, as she expended her separate property to pay the premiums on Noel's separate obligations, she is entitled to reimbursement for the amount she paid at the time it was used. La.Civ.Code art. 2367.3. Therefore, Lisa is entitled to $62.00 reimbursement for the Protective Life Insurance premiums and $440.00 for the West Coast Life Insurance premiums she paid.

As for the Boston Mutual Life Insurance payments for Marshall's life insurance premiums, the trial court awarded Lisa $156.00 in reimbursement. The insurance contract is on Marshall's life and allegedly names Noel as the beneficiary. While those proceeds are the separate property of Noel if they are paid out as in *Fowler*, that is not the current scenario in this case. However, Noel has not appealed the reimbursement award. Thus, based on the record before us and because it is

14

unclear whether this amount was halved in the trial court's calculations, we find Lisa is entitled to the full $156.00 reimbursement for the Boston Mutual Life Insurance payments.

Considering the above, the reimbursements due to Lisa, with attention paid to the laws of halving, are as follows:

| | |
|---|---|
| 1. Montana tractor | $4,500.00 |
| 2. 2020 property taxes | $218.00 |
| 3. Boston Mutual Life Insurance premiums (Marshall) | $156.00 |
| 4. State Farm insurance premiums | $4,612.13 |
| 5. Protective Life insurance (Noel) | $62.00 |
| 6. West Coast life insurance (Noel) | $440.00 |
| 7. Aaron Guinn | $2873.00 |
| 8. Aaron Guinn | $190.00 |
| 9. Aaron Guinn | $1458.50 |
| 10. Aaron Guinn | $50.00 |
| 11. Garage window repair | $295.00 |
| 12. Home repairs | $400.00 |
| 13. Attorney fees | $18,163.75 |
| 14. Pre-divorce litigation | $688.61 |
| 15. Barksdale Federal Credit Union credit card payments, act 0509 | $4,188.00 |
| 16. Bayou Federal Credit Union BMW payments | $8,775.31 |
| 17. Funds existing in the former joint account | $2,442.63 |
| 18. Rocket Mortgage payments | $16,083.50 |
| 19. TD Auto Finance for Lincoln MKZ | $2,028.50 |
| **TOTAL:** | **$67,624.93** |

Our calculation indicates that Lisa is entitled to a total of $67,468.93 in reimbursements. The trial court erred in its award of $127,659.13 in reimbursement claims to Lisa.

Considering the reasons set forth above and the trial court's failure to follow this court's directive on remand, including the mathematical errors, failure to apply the proper statutes regarding reimbursement claims, and exceeding the scope of the

remand by assigning the matrimonial domicile and mortgage to both parties, the Judgment on Remand is reversed in part and affirmed in part. We then render judgment as follows.

**CONCLUSION:**

With the record before us, we now render judgment as follows, resulting in the following calculations and a final equalizing payment:

First, we note that the following portions of the July 13, 2022 Judgment were previously unaltered on appeal and so remain:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that LISA J. YATES shall be responsible for the payment of [the] following community debts, to-wit:
>
> 1. Barksdale Federal Credit Union credit card, account ending 0509; and
> 2. Bayou Federal Credit Union loan for BMW, account ending 860 [valued as a $15,431.00 at trial.]
>
> . . . .
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the retirement/pension account of NOEL W. YATES with Schlumberger shall be divided by Qualified Domestic Relations Order.
>
> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the retirement/pension account of NOEL W. YATES with Vernon Parish Sheriff's Office shall be divided by Qualified Domestic Relations Order.

Furthermore, we find no error in the total moveables allocated to each party in the Judgment on Remand, and this court previously affirmed the trial court's ruling relating to Lisa's MidAmerica retirement plan. Thus, the list of assigned assets allocated to LISA J. YATES (Items 1-86) in the July 13, 2022 Judgment totaling $83,432.28 is affirmed. The list of assigned assets allocated to NOEL W. YATES (Items 1-93) in the July 13, 2022 Judgment totaling $30,665.00 is affirmed.

16

Now, considering our findings above, IT IS ORDERED, ADJUDGED AND DECREED that NOEL W. YATES shall be awarded ownership of the matrimonial domicile and all structures on the property located at 212 Hwy. 121, Leesville, Louisiana, valued at $590,000.00, to be refinanced or the current mortgage modified to remove LISA J. YATES' name from the debt thereon and NOEL W. YATES shall be solely responsible for the debt thereon, valued at $198,203.00, leaving equity in the amount of $391,797.00, and in exchange, LISA J. Yates shall sign any documents necessary to transfer her interest in the home to NOEL W. YATES.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that NOEL W. YATES shall be responsible for the Schamerhorn community debt in the amount of $2,000.00.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that LISA J. YATES shall receive the total of $67,624.93 in reimbursements, as specified above.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that NOEL W. YATES shall receive the total of $53,115.71 in reimbursements, as specified above.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that NOEL W. YATES shall make an equalizing payment to LISA J. YATES in the amount of $190,739.58.[4]

---

[4] Pursuant to La.R.S. 9:2801(4), the court must determine and allocate the assets and liabilities of the parties and, in the event that an unequal net distribution occurs, the court shall order an equalizing sum of money.

In determining the assets, this court calculates a total of $704,097.28 in moveable and immovable assets (moveables allocated to each party and the marital home). Regarding liabilities, this court calculates a total of $215,634.00 (comprised of the mortgage, Schamerhorn debt, and BMW loan). Thus, the net value of the community is $488,463.28. In a perfect world, each party would have received $244,231.64 in assets.

Costs of this appeal are assessed equally between the parties, Noel W. Yates and Lisa J. Yates.

**REVERSED, IN PART; AFFIRMED, IN PART; AND RENDERED.**

---

In this case, Noel received a net of $420,462.00, and Lisa received a net of $68,001.28. Therefore, Lisa is entitled to $176,230.36 more to equalize the assets. But we will factor in reimbursement claims before determining a final equalizing payment.

In reimbursements, this court calculated that Noel is entitled to $53,115.71, while Lisa is entitled to $67,624.93. Therefore, Noel would owe Lisa the difference in reimbursements, which is $14,509.22.

Considering these figures, the final equalizing payment owed by Noel to Lisa is $190,739.58 ($176,230.36 + $14,509.22).